(June 1, 1922.)

'A. M. ABRAMS, Respondent, v. ROBERT O. JONES, as Commissioner of the Department of Law Enforcement, Appellant.

[207 Pac. 724.]

DENTAL ACT — NO RETROACTIVE EFFECT — REVOCATION OF DENTAL LICENSE—RIGHT TO PRACTICE DENTISTRY A VALUABLE PERSONAL RIGHT—PENAL LEGISLATION—STATUTORY CONSTRUCTION—CHARGES UNDER ACT MUST BE SPECIFIC—RIGHT OF ACCUSED TO IMPARTIAL TRIBUNAL.

1. The dental act of this state (C. S., chap. 91) contains no provision which, either expressly or by necessary implication, authorizes the state department of law enforcement to revoke dental licenses issued prior to the passage and approval of the act.

2. While legislation of the character embraced within the general scope of the dental act of this state may be sustained upon the ground that the legislature has authority under the police power to provide all reasonable regulations that may be necessary affecting the public health, safety or morals, such an act is in its nature highly penal and must be strictly construed.

3. *Held,* that respondent's license is not subject to revocation by the department of law enforcement, upon the grounds and in the manner provided in the present dental law, the license having been issued prior to the passage and approval of said law.

4. In any judicial or *quasi*-judicial proceeding a pleading in the nature of an accusation or complaint, must contain positive statements of the essential facts in issue, and is to be deemed insufficient where it merely states conclusions.

5. *Held,* that the charges brought against respondent as a practicing dentist by the department of law enforcement were indefinite and uncertain, and that he was entitled to a bill of partic-

Publisher's Note.

3. Statute requiring dentist to take out license as impairing vested rights of previous practitioners, see notes in 5 **Ann. Cas.** 1005; 19 **Ann. Cas.** 833; **Ann. Cas.** 1914B, 399.

REPORTER'S NOTE.—This case and the following twelve cases, known as the Dental Cases, were consolidated for argument at the hearing and all the briefs filed by counsel for the respective respondents were considered by the court in its disposition of the Abrams case.

ulars or to have such charges set out specifically, in order that he might have an opportunity to prepare his defense.

6. Where the state confers a license upon an individual to practice a profession, trade or occupation, such license becomes a valuable personal right, which cannot be denied or abridged in any manner except after due notice and a fair and impartial hearing before an unbiased tribunal.

7. Respondent being entitled to a hearing before an impartial tribunal upon the charges which had been preferred against him, *held*, that this right was denied when he was required to submit himself for trial before a body which was acting in the capacity of accuser, prosecutor and judge.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action to enjoin the revocation of a license to practice dentistry and dental surgery. Judgment for plaintiff. *Affirmed.*

Roy L. Black, Attorney General, and Dean Driscoll, First Assistant, for Appellant.

The right to revoke professional licenses is grounded in the police power of the state and is sustained against the constitutional provisions, such as art. 1, secs. 1 and 9, Idaho constitution, so long as the exercise of the power is reasonable. (*In re Inman*, 8 Ida. 398–406, 69 Pac. 120; *State v. Dolan*, 13 Ida. 707, 92 Pac. 995, 14 L. R. A., N. S. 1259; *Reetz v. Michigan*, 188 U. S. 505, 23 Sup. Ct. 390, 47 L. ed. 563; *Dent v. West Virginia*, 129 U. S. 114, 9 Sup. Ct. 231, 32 L. ed. 623; 21 R. C. L., p. 361, sec. 9; *Meffert v. State Bd. Med. Examiners*, 66 Kan. 710, 72 Pac. 247, 1 L. R. A., N. S., 811; affirmed, 195 U. S. 625, 25 Sup. Ct. 790, 41 L. ed. 350, together with note in L. R. A.; *State v. Hovorka*, 100 Minn. 249, 10 Ann. Cas. 398, 110 N. W. 870, 8 L. R. A., N. S., 1273, and note; *State v. Webster*, 150 Ind. 607, 50 N. W. 750, 41 L. R. A. 212.)

What is a reasonable exercise of the police power is in the first instance, a question for the legislature. (*Olson v.*

*Idora Hill Min. Co.,* 28 Ida. 504, 155 Pac. 291; *In re Crane,* 27 Ida. 60, 151 Pac. 1006, L. R. A. 1918A, 942.)

The power vested in the board is not a judicial power in the sense in which that term is used in the constitution, but is rather executive. (*State v. State Bd. Med. Examiners,* 34 Minn. 387, 26 N. W. 123; *In re Inman,* 8 Ida. 406, 69 Pac. 120; *Raaf v. State Bd. Med. Examiners,* 8 Ida. 714, 84 Pac. 33; *Barton v. Schmershall,* 21 Ida. 568, 122 Pac. 385; *McKnight v. Grant,* 13 Ida. 629, 121 Am. St. 287, 92 Pac. 989; *Speer v. Stephenson,* 16 Ida. 717, 102 Pac. 365; *People v. Apfelbaum,* 251 Ill. 18, 95 N. E. 995; 21 R. C. L. 365, sec. 12; *Aiton v. Board,* 13 Arz. 354, 114 Pac. 962.)

The legislature has ample power to make the grounds for revocation as applicable to licenses previously issued as to licenses issued after the enactment of the present law. (*State v. Hovorka, supra; Meffert v. State Bd. Med. Examiners, supra; State v. Webster, supra; Dent v. West Virginia, supra.*)

The charges in the present cases are sufficiently definite and certain. (*Lanterman v. Anderson,* 36 Cal. App. 472, 172 Pac. 625; *Suckow v. Alderson,* 182 Cal. 247, 187 Pac. 965; *State Bd. Med. Examiners v. Jordan,* 92 Wash. 234, 158 Pac. 982; *State Bd. Med. Examiners v. Macey,* 92 Wash. 614, 159 Pac. 801.)

The fact that the board formulated the charges and recommended the holding of a hearing would not disqualify them from participating in the hearing. (*State Board v. Ray,* 22 R. I. 538, 48 Atl. 802; *Wolff v. State Bd. Med. Examiners,* 109 Minn. 360, 123 N. W. 1074.)

Karl Paine and Chas. M. Kahn, for Respondent Abrams.

The act in no way applies to those who were holders of dental licenses prior to its passage. Where a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its review all those not expressly mentioned. (*Vadney v. State Board of Medical Examiners,* 19 Ida. 203, 112 Pac. 1046;

*State v. Cooper,* 11 Ida. 219, 81 Pac. 374; *State Board of Health v. Ross,* 191 Ill. 87, 60 N. E. 811; *Hewett v. State Board of Medical Examiners,* 148 Cal. 590, 113 Am. St. 315, 7 Ann. Cas. 750, 84 Pac. 39, 3 L. R. A., N. S., 896; *Noble v. Douglas,* 274 Fed. 672.)

The right to practice a profession is a valuable property and vested right. (*Ex parte Wall,* 107 U. S. 265, 2 Sup. Ct. 569, 27 L. ed. 552; *Chenoweth v. State Board of Medical Examiners,* 57 Colo. 74, Ann. Cas. 1915D, 1188, 141 Pac. 132, 51 L. R. A., N. S., 958.)

"It is a maxim of law that no man can be at once judge and suitor." (Broom's Legal Maxims, 8th ed., pp. 94–99; *State Board of Health v. Ray,* 22 R. I. 538, 48 Atl. 802; *Meyer v. City of San Diego,* 121 Cal. 104, 66 Am. St. 22, 53 Pac. 434, 41 L. R. A. 762; *Stahl v. Board of Supervisors,* 187 Iowa, 1342, 175 N. W. 773; *City of Abbeville v. Gooseby,* 93 S. C. 370, 76 S. E. 977.)

In this case the very fact that those who presumed to sit in judgment on the plaintiff instituted the charges is sufficient to brand the proceedings as unfair. (12 C. J. 1225; *Commissioners Union Drain Dist. No. 1 v. Smith,* 233 Ill. 417, 84 N. E. 376, 16 L. R. A., N. S., 292; *In re Cameron,* 126 Tenn. 614, 151 S. W. 64.)

"It is not sufficient to state merely legal conclusions. It is necessary in a complaint to charge the acts of unprofessional or dishonest conduct and facts complained of against the accused licentiate." (*Board of Medical Examiners v. Eisen,* 61 Or. 492, 123 Pac. 52; *Klafter v. State Board of Examiners of Architects,* 259 Ill. 15, Ann. Cas. 1914B, 1221, 102 N. E. 193, 46 L. R. A., N. S., 532; *In re Baum,* 32 Ida. 676, 186 Pac. 927; *Macomber v. State Board of Health,* 28 R. I. 3, 65 Atl. 263, 8 L. R. A., N. S., 585.)

C. C. Cavanah, for Respondents Parker and Greer.

The right to practice dentistry is, like the right to practice any other profession, a valuable property right, subject only to reasonable regulations in the interests of the public

health and safety. (21 R. C. L. 352; *State v. Cooper,* 11 Ida. 219, 81 Pac. 374; *Hewitt v. State Board of Med. Ex.,* 148 Cal. 590, 113 Am. St. 315, 7 Ann. Cas. 750, 84 Pac. 39, 3 L. R. A., N. S., 896; *Chenoweth v. State Board of Med. Ex.,* 57 Colo. 74, Ann. Cas. 1915D, 1188, 141 Pac. 132, 51 L. R. A., N. S., 958; *Ex parte Dixon* (Nev.), 183 Pac. 642; *Smith v. State Board,* 140 Iowa, 66, 117 N. W. 1116; *People v. McCoy,* 125 Ill. 289, 17 N. E. 786; *Wert v. Cluter,* 37 Ohio St. 347.)

The police power cannot transcend the constitution and cannot be exercised so as to work a practical abrogation of its provisions. (*Jewel v. McCann,* 95 Ohio St. 191, 116 N. E. 42; *People v. Ringe,* 197 N. Y. 143, 18 Ann. Cas. 474, 90 N. E. 451, 27 L. R. A., N. S., 528; 12 C. J. 904.)

Both the committee and the commissioner act in the dual capacity of prosecutor and judge in these proceedings. The meaning of due process of law as contemplated by the constitution is an impartial and fair tribunal to pass judgment upon matters affecting this valuable right of the plaintiffs. (12 C. J. 1225; *Commissioners v. Smith,* 233 Ill. 417, 84 N. E. 376, 16 L. R. A., N. S., 292; *In re Cameron,* 126 Tenn. 614, 151 S. W. 64; *State Board of Health v. Roy,* 22 R. I. 538, 48 Atl. 802.)

The statute under which these charges are brought does not apply to licenses issued prior to its enactment. (*Vadney v. State Board of Med. Ex.,* 19 Ida. 203–207, 112 Pac. 1046.)

The charges are indefinite and uncertain. They are nothing but general statements and do not contain any specific dates or other circumstances which the plaintiffs are certainly entitled to know before they can properly prepare and make their defense. (*State Board etc. v. Jordan,* 92 Wash. 234, 158 Pac. 982; *State Board etc. v. Macy,* 92 Wash. 614, 159 Pac. 801.)

J. T. Pence, for Respondents Beale, Forde, DeGroot, Gadsby, McRae, Martin, Mohney, Van Auken and Wolfe.

The right to practice a profession is a valuable property right. (*Smith v. State Board,* 140 Iowa, 66, 117 N. W.

1116; *Hewett v. State Board,* 148 Cal. 590, 113 Am. St. 317, 7 Ann. Cas. 750, 84 Pac. 39, 3 L. R. A., N. S., 896; *Chenoweth v. State Board,* 57 Colo. 74, Ann. Cas. 1915D, 1188, 141 Pac. 132, 51 L. R. A., N. S., 958; *Gray v. Building Trades,* 91 Minn. 171, 103 Am. St. 477, 1 Ann. Cas. 172, 97 N. W. 663, 1118, 63 L. R. A. 753; 12 C. J. 1213; *Klafter v. State Board,* 259 Ill. 15, Ann. Cas. 1914B, 1223, 102 N. E. 193, 46 L. R. A., N. S., 532; *Ex parte Dixon,* 43 Nev. 196, 183 Pac. 642.)

The legislature cannot, under the guise of police regulation, violate personal rights or rights of property. (*Ex parte Jentsczh,* 112 Cal. 468, 44 Pac. 803, 32 L. R. A. 664; *Ex parte Whitwell,* 98 Cal. 73, 35 Am. St. 152, 32 Pac. 870, 19 L. R. A. 727; *In re San Chung,* 11 Cal. App. 511, 105 Pac. 609; *In re McCapes,* 157 Cal. 26, 106 Pac. 229; *Smith v. Farr,* 46 Colo. 364, 104 Pac. 401; *Richey v. People,* 155 Ill. 98, 46 Am. St. 315, 40 N. E. 454, 29 L. R. A. 79.)

The interference with the right to follow a legitimate occupation is violative of the due process of law clause of the federal constitution. (12 C. J. 1272, 1274; *Smith v. State Board Med. Exam.,* 140 Iowa, 66, 117 N. W. 1116; *City of Chicago v. Netcher,* 183 Ill. 104, 75 Am. St. 93, 55 N. E. 707, 48 L. R. A. 261.)

"Constitutional provisions for the security of person or property should be liberally construed." (*Boyd v. United States,* 116 U. S. 616, 6 Sup. Ct. 524, 27 L. ed. 746.)

Though a board may hold a hearing, if that board sits in a judicial capacity to pass on the rights of men or the rights of property, it must exercise the same general conduct as a court would exercise. No right so vital as the right to earn a livelihood and to follow a respected and usual vocation, and guaranteed by the fundamental law of the land, should be disposed of by a summary procedure. (*Atchison St. Ry. Co. v. Missouri Pac. Ry. Co.,* 31 Kan. 661, 3 Pac. 284; *Ex parte Arata* (Cal. App.), 198 Pac. 194; Cooley, Const. Lim., p. 518; *Jewel v. McCann,* 95 Ohio St. 191, 116 N. E. 42.)

James R. Bothwell and W. Orr Chapman, for Respondent Roby.

"It is well settled that under the police powers inherent in the state, the legislature may enact reasonable regulations for the examination and registration of physicians, and the practice of medicine and surgery, and such statutes violate neither the federal nor the state constitutions." (30 Cyc. 1447.)

"But as the right to practice medicine is a valuable property right entitled to the protection of due process of law, a practitioner is entitled to notice of the proceeding to revoke his license and an opportunity to be heard in defense of his right to practice." (21 R. C. L. 361.)

"The license of a physician is a valuable privilege and places a property right which is protected, at least, by such safeguards as the legislature has drawn around it." (*Spriggs v. Robinson,* 253 Mo. 271, 161 S. W. 1169.)

"The right to labor and its fruit is a natural right which may not unreasonably be interfered with." (*State v. Gardner,* 58 Ohio St. 599, 65 Am. St. 785, 51 N. E. 136, 41 L. R. A. 689; *Allgeyer v. Louisiana,* 165 U. S. 578, 17 Sup. Ct. 427, 41 L. ed. 832; *State v. Bair,* 112 Iowa, 466, 84 N. W. 532, 51 L. R. A. 776; *Gothard v. People,* 32 Colo. 11, 74 Pac. 890.)

"The right to regulate the practice of medicine being the regulation of a natural right to labor, must find authority, if any, within that power of the state which protects the public health, welfare, and safety." (*Dent v. West Virginia,* 129 U. S. 114, 9 Sup. Ct. 231, 32 L. ed. 623; *State v. Gravatt,* 65 Ohio St. 289, 87 Am. St. 605, 62 N. E. 325, 55 L. R. A. 791; *Smith v. People,* 51 Colo. 270, 117 Pac. 612, 36 L. R. A., N. S., 158; *Harding v. People,* 10 Colo. 387, 15 Pac. 727; *O'Neill v. State,* 115 Tenn. 427, 90 S. W. 627, 3 L. R. A., N. S., 762; *State v. State Medical Board,* 32 Minn. 324, 50 Am. Rep. 575, 20 N. W. 238; *Parks v. State,* 159 Ind. 211, 64 N. E. 862, 59 L. R. A. 190; *People v. Gordan,* 194 Ill. 560, 88 Am. St. 165, 62 N. E. 858; *Meffert v. State*

*Board Medical Registration,* 66 Kan. 710, .72 Pac. 247, 1
L. R. A., N. S., 811; *Meffert v. Packer,* 195 U. S. 625, 25 Sup.
Ct. 790, 49 L. ed. 350; *State v. Davis,* 194 Mo. 485, 5 Ann. Cas.
1000, 92 S. W. 484, 4 L. R. A., N. S., 1023; Tiedeman, Police
Power, sec. 85, p. 198.)

BUDGE, J.—This action was brought by respondent to
enjoin the Commissioner of Law Enforcement from revoking
a license theretofore issued to respondent to practice den-
tistry and dental surgery in this state.

From the record it appears that on January 3, 1920, the
Commissioner of Law Enforcement, hereinafter referred to
as the commissioner, addressed and caused to be delivered
to respondent the following communication:

"January 3, 1920.

"Dr. A. M. Abrams,

"Boise, Idaho.

"Dear Sir:

"Since March 31, 1919, under the provisions of Chapter
17, Sections 333 and 334, Compiled Statutes of the State of
Idaho, the Department of Law Enforcement of the State of
Idaho has been in charge of all matters relative to dental
licensure, which were formerly administered by the State
Board of Dental Examiners of the State of Idaho.

"As Commissioner of this Department, regularly ap-
pointed by Governor D. W. Davis, under commission dated ·
April 1, 1919, and upon the action and written report of the
Dental Examining Committee, being five persons designated
by me for the dentists on July 8, 9, 10, 1919, I am hereby
notifying you to appear and show cause why your license
to practice dentistry and dental surgery in all their branches
in the State of Idaho should not be revoked for the follow-
ing specific charges: that you are

"1. A person who published and circulated by means of
newspapers advertising matter with the view to deceiving
the public.

"2. A person who published and circulated, by means of newspapers, advertising matter with the view of defrauding the public.

"3. A person who advertised as using an anaesthetic which you falsely advertised.

"4. A person who advertised as using an anaesthetic which you falsely misnamed.

"5. A person who advertised as using an anaesthetic which you did not in reality use.

"You are further notified that the hearing hereof will be held in the office of the Department of Law Enforcement, Capitol Building, Boise, Idaho, on January 17th, 1920, at 11:00 A. M., when and where you may appear, either in person or by counsel, or both, and introduce any relevant statements, testimony or other matters, and be fully heard on the subject matter thereof.

"By order of the Department of Law Enforcement of the State of Idaho, this 3rd day of January, 1920.

"Respectfully yours,<br>
"(Signed) ROBERT O. JONES,<br>
"Commissioner of Law Enforcement."

Both prior to and at the hearing, respondent, through his counsel, made demand upon the commissioner that he be furnished more specific charges and a bill of particulars showing the written report of the dental examining committee, the names of the newspapers in which the advertisements were claimed to have been published, the dates and subject matter of such advertisements, and the name of the anaesthetic referred to, which demands the commissioner refused and neglected to comply with, until during the course of the hearing a bill of particulars was furnished and a continuance denied to respondent, who was required to submit himself to the hearing upon the general charges quoted above.

The hearing was held before the dental examining committee on January 20, 1920, after which the committee addressed the following communication to the commissioner:

"January 21, 1920.

"Honorable Robt. O. Jones,

"Commissioner Law Enforcement,

"Boise, Idaho.

"Dear Sir:

"We, the undersigned, members of the Idaho State Dental Committee, appointed pursuant to the provisions of section 17, Chapter 60, 1919 Session Laws of Idaho, being all the members of said committee, do hereby certify that the committee met in regular session on the 17th, 19th, 20th and 21st days of January, 1920, at the office of the Department of Law Enforcement in the State Capitol at Boise, Idaho, and that during said session, to-wit, on the 20th. day of January, 1920, a hearing, at which all the members were present, was accorded to Dr. A. M. Abrams, on the question of whether or not his license to practice dentistry and dental surgery in the State of Idaho should be revoked, for the following specific grounds: (reciting the charges contained in the commissioner's letter of January 3rd), and

"Having heard the evidence in the said matter, the committee finds, that a complaint in writing, under date of December 27, 1919, filed by duly licensed dentists practicing in the State of Idaho, was heretofore filed with the Commissioner of Law Enforcement of said State, asking that the said Dr. Abrams should appear and show cause why his license to practice dentistry and dental surgery in the State of Idaho, should not be revoked on the grounds hereinbefore set forth. That he had reasonable notice of said hearing and opportunity to appear and be heard, and did appear, in person and by counsel; but declined to be heard except by his counsel in argument. That he is the holder of a license to practice dentistry in the State of Idaho; that it appears by the evidence that the grounds of revocation are true; that the said license should be revoked on the

grounds and for the reasons hereinbefore set forth, and your committee so recommends.

     " (Signed)    H. B. COLVER,

                "R. J. CRUSE,

                "IRA D. BOYD.

                "R. C. D. HIGGINS.

                "E. V. JEFFERSON."

On February 12, 1920, and before any further action had been taken looking to the revocation of respondent's license, he filed his complaint praying that the commissioner be enjoined from revoking or attempting to revoke said license, which, it appears, was issued on June 16, 1904. A demurrer to the complaint was filed and overruled, whereupon the commissioner filed his answer, to which a general demurrer was filed and sustained. Appellant refused to plead further, and judgment was thereafter entered in favor of respondent, granting the injunction prayed for. This appeal is from the judgment.

Appellant makes two assignments of error; first, that the court erred in overruling appellant's demurrer to the complaint; and, second, that the court erred in sustaining respondent's demurrer to the answer.

Respondent attacks the constitutionality of chap. 8, Idaho Sess. Laws 1919, pp. 43–69, commonly known as Senate Bill No. 19, providing for a commission form of government in Idaho (C. S., chap. 17, secs. 250 to 353), creating the department of law enforcement with a commissioner of law enforcement at the head thereof and defining its powers and duties. A determination of this question, however, is not necessary to a proper disposition of this case, and the rule is well settled that the constitutionality of a statute will not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the case in which the constitutionality of such statute has been drawn in question. (*Kimbley v. Adair,* 32 Ida. 790, 189 Pac. 53.)

Nor will we consider respondent's contention that the act regulating the practice of dentistry (chap. 60, Idaho Sess. Laws 1919, pp. 182–191; C. S., chap. 91, secs. 2116 to 2136), is so vague, indefinite and uncertain in numerous respects as to be wholly void. There are but three questions necessarily presented in this case, viz., whether the present dental law is applicable to persons licensed prior to its enactment; whether the charges brought against respondent were sufficiently definite and certain; and, whether he was accorded a hearing before an impartial tribunal.

C. S., sec. 2118, provides that: "The department of law enforcement . . . . shall have the following powers: . . . . 5. To conduct hearings on proceedings to revoke licenses of persons practicing dentistry and to revoke such licenses. . . . ."

And C. S., sec. 2130, provides: "Every license or certificate of registration issued under the provisions of this chapter shall be subject to revocation of the department on any of the following grounds: . . . ."

The dental law provides for the examination, registration and licensing of persons who desire "to begin the practice of dentistry in the state of Idaho" (C. S., sec. 2120), and for the revocation of licenses or certificates of registration issued under its provisions. It contains no provision which, either expressly or by necessary implication, authorizes the department of law enforcement to revoke licenses issued prior to the passage and approval of the act. If it was the intention of the legislature to give the department the power to discipline the holders of licenses issued prior to March 14, 1919, and to revoke such certificates, it has certainly failed to express such intention by this act.

The right to practice dentistry, like the right to practice any other profession, is a valuable personal right in which, under the constitution and laws of the state, one is entitled to be protected and secured. (*State v. Cooper,* 11 Ida. 219, at 227, 81 Pac. 374; *People v. Love,* 298 Ill. 304, 131 N. E. 809, 16 A. L. R. 703.) While legislation of the character embraced within the general scope of the act in question is

sustained upon the ground that the legislature has authority under the police power to provide all reasonable regulations that may be necessary affecting the public health, safety or morals (*Hewitt v. State Board of Medical Examiners,* 148 Cal. 590, 113 Am. St. 315, 7 Ann. Cas. 750, 84 Pac. 39, 3 L. R. A., N. S., 896), such an act is in its nature highly penal, should be strictly construed, and should not be held to include persons not clearly and plainly within the scope of its provisions.

It is evident, therefore, that respondent's license is not subject to revocation by the department of law enforcement, upon the grounds and in the manner provided in the present dental law, the license having been issued prior to the passage and approval of said law.

We will, nevertheless, proceed to discuss the second question presented. It will be observed that the charges pursuant to which the hearing was had were couched in the most general terms, and are in fact but conclusions of law. There are no averments of facts from which the conclusions of law are drawn. It is elementary that in any judicial or *quasi*-judicial proceeding, a pleading in the nature of an accusation or complaint must contain positive statements of the essential facts, and that it is insufficient where it merely states conclusions. The charges brought against respondent were altogether indefinite and uncertain, and he was entitled to a bill of particulars or to have the charges set out specifically, in order that he might have time and opportunity to prepare his defense.

As was said in *Board of Medical Examiners v. Eisen,* 61 Or. 492, 123 Pac. 52: " . . . . it is necessary in a complaint to charge the acts of unprofessional or dishonorable conduct and facts complained of against the accused licentiate. It is not sufficient to state merely legal conclusions."

In *Klafter v. State Board of Examiners of Architects,* 159 Ill. 15, Ann. Cas. 1914B, 1221, 102 N. E. 193, 46 L. R. A., N. S., 532, the court said: "If the charge against the holder of a license, on a hearing such as this (to revoke a license), is not sufficiently specific to permit him to prepare properly his

defense, it is the duty of the board of examiners, on request of the holder of the license or his counsel, to require the charge to be made more specific. If the discretionary power of the board is exercised with manifest injustice, the courts will interfere when it is clearly shown that the discretion has been abused.''

And in *In re Baum*, 32 Ida. 676, 186 Pac. 927, this court held: ''An attorney against whom disbarment proceedings are instituted is entitled to have the charges fully stated and is not required to defend against or explain any matter not specified in the charges.''

See, also, *Green v. Blanchard*, 138 Ark. 137, 211 S. W. 375, 5 A. L. R. 84.

Finally, it appears that the hearing involved in this case was ordered upon the written report and recommendation of the dental examining committee, that it was held before the committee, and that they recommended to the commissioner the revocation of respondent's license. It would also seem from the communication addressed to respondent that the charges contained in the commissioner's letter were formulated by the dental examining committee, while C. S., sec. 2130, provides, *inter alia*, that: ''In prescribing procedure for the determination of the truth or falsity of any charge against a licensee, having for its purpose the revocation of his license or certificate of registration, . . . . the department, upon written complaint by any licensed dentist, shall use reasonable means to establish the truth or falsity of such charge and for that purpose may make such expenditures as are necessary.''

C. S., sec. 2118, clothes the department of law enforcement with power to conduct hearings on proceedings to revoke licenses of persons practicing dentistry, but due process of law and every consideration of justice demand that such hearing should be a fair and impartial hearing before a body which has not already decided the controversy. Here we have the anomalous situation of a committee of ethical dentists, who are empowered to investigate the affairs of other members of their profession, upon written complaint

of any licensed dentist, to make such expenditures of public moneys as may be necessary to that end, to prefer charges against dentists whom they regard as guilty of violations of the dental law, and then under the semblance of a hearing to sit in judgment upon and to condemn the accused. This dual role of the dental examining committee as both prosecutor and judge is repugnant to the spirit of American law, a fundamental principle of which is that no man shall be deprived of life, liberty or property without due process of law, and as was said in *In re Cameron,* 126 Tenn. 614, 151 S. W. 64, at 76: "Beyond question it is not according to due course of law to compel a man over his protest to try his case before a judge who has already decided it, and has announced that decision in advance of the hearing. It is equally true that such compulsion is a denial of justice."

Due process of law is not necessarily satisfied by any process which the legislature may by law provide, but by such process only as safeguards and protects the fundamental, constitutional rights of the citizen. Where the state confers a license upon an individual to practice a profession, trade or occupation, such license becomes a valuable personal right which cannot be denied or abridged in any manner except after due notice and a fair and impartial hearing before an unbiased tribunal.

We are bound to assume that in preferring the charges against respondent the dental examining committee had reasonable ground to believe that the charges were true, or, in other words, that they had received evidence which appeared to justify the revocation of repondent's license under the dental law. It would then be manifestly unfair to require respondent to submit himself to a hearing before the committee, which had at least tentatively prejudged the matter as evidenced by the charges which it had brought against respondent. The committee was clearly disqualified, both in law and in fact, to give respondent a fair and impartial hearing, and this is the only hearing known to the law. It is of the highest importance that the actions, not only of

the courts but also of all other governmental agencies, should be free from reproach or the suspicion of unfairness. We attribute only the highest motives to the commissioner and the members of the committee. Nevertheless the fact remains that respondent was entitled to a hearing before an impartial body, and this right was denied when he was required to submit himself before a body which was at once his accuser, prosecutor and judge,

In Broom's Legal Maxims, 8th ed., pp. 94–99, it is said: "It is a fundamental rule in the administration of justice that a person cannot be judge in a case where he is interested. . . . . And therefore in the reign of James I it was solemnly adjudged that the king cannot take any cause, whether civil or criminal, out of any of his courts and give judgment on it himself. . . . . And it is a maxim of law that no man can be at once judge and suitor."

See, also, *State Board of Health v. Ray,* 22 R. I. 538, 48 Atl. 802; *State v. Clancy,* 30 Mont. 529, 77 Pac. 312; *Lindsay-Strathmore Irr. Dist. v. Superior Court,* 182 Cal. 315, 187 Pac. 1056; Coke on Littleton, sec. 212.

In the case of *Meyer v. City of San Diego,* 121 Cal. 102, 66 Am. St. 22, 53 Pac. 434, 41 L. R. A. 762, the following language was used by the court: "It is a principle which finds expression in the constitutions of many of our states, which declare the right of a citizen to be tried by judges as free and impartial as the lot of humanity will permit. It is a principle whose strict observance is dictated both by natural justice and an enlightened public policy; for it is not enough that a judicial decision be sound. It is of next importance that the tribunal rendering it be free from the charge of interest or the taint of partiality, else public confidence will be destroyed and judicial usefulness gravely impaired."

While in *Stahl v. Board of Supervisors,* 187 Iowa, 1342, 175 N. W. 773, it is held that with possibly few exceptions the same disqualifications that apply to judges should apply to administrative boards in the absence of express statutory provisions.

Respondent contends that the procedure outlined in the dental law does not satisfy the requirements of due process of law, but we do not think it necessary to pass upon this contention. That he was not accorded due process of law in this case is evident, and we do not decide whether a procedure might be had under the law which would safeguard and protect the rights of the accused.

From what has been said it follows that the judgment should be affirmed, and it is so ordered.

Rice, C. J., and Dunn, J., concur.

Lee, J., concurs in the conclusion reached.

McCarthy, J., deeming himself disqualified, did not sit at the hearing nor take part in the opinion.