24 P.(2d) 274

**STATE ex rel. HANNAH et al. v. ARMIJO.**

**No. 3893.**

Supreme Court of New Mexico.

July 24, 1933.

Irwin S. Moise, of Santa Rosa, and James L. Briscoe, of Tucumcari, for relators.

F. Faircloth, of Santa Rosa, for respondent.

SADLER, Justice.

The relators, James D. Hannah and Robert L. Riddle, as members of the board of education of the Santa Rosa independent school district, seek to prohibit Luis E. Armijo, as judge of the fourth judicial district of the state of New Mexico, sitting within and for the county of Guadalupe, from entertaining further jurisdiction in a proceeding pending before him having for its object their removal from office as directors of said school district.

The removal proceedings were instituted by the district attorney of said district under the authority of chapter 96, N. M. Statutes Annotated, 1929 Comp., and particularly §§ 96-105, 96-106, 96-123 and subsequent sections, and are based upon the verified petition of one Isidro L. Anaya, a resident taxpayer of the town of Santa Rosa in said county. Upon the filing and reading of said petition, charging gross incompetency and gross negligence against relators in the performance of the duties of their offices, the respondent herein as judge of said court issued an order against relators commanding them to show cause before him at a time fixed, why they should not be suspended from office, as by statute authorized, pending final hearing in the matter.

It was at this stage of the matter that further proceedings before said judge were halted by an alternative writ of prohibition issued out of this court. The matter now comes before us upon application of relators to make said writ absolute. The first point urged by them goes to the sufficiency of the allegations of incompetency and negligence as set out in the accusation or petition filed before said district judge. Obviously this is not a matter in any manner questioning his jurisdiction to hear the cause. Insufficiency of allegation is a matter to be tested in some appropriate way in the court of first instance. Certainly that court has power to pass upon such a question.

Relators urge with much vigor and earnestness their next point relied upon. Stated tersely, it is this: That by virtue of the provisions of article 12, § 6, of the state Constitution, the power to remove a director of a school district is vested in the state board of education, created by said provision of the state Constitution, and that the district court is without power, authority, or jurisdiction to remove. This contention is a direct challenge of respondent's jurisdiction of the subject-matter.

Section 6 of article 12 of the state Constitution provides as follows: "A state board of education is hereby created, to consist of seven members. *It shall have the control, management and direction of all public schools, under such regulations as may be provided by law.* The governor and the state superintendent of public instruction shall be

ex-officio members of said board and the remaining five members shall be appointed by the governor, by and with the consent of the senate; and shall include the head of some state educational institution, a county superintendent of schools, and one other person actually connected with educational work. The legislature may provide for district or other school officers, subordinate to said board."

The italicized portion of the foregoing constitutional provision is the portion thereof chiefly relied upon by relators and made the basis of their argument. The respondent, as district judge aforesaid, in his answer filed herein by way of return to the writ, bases his jurisdiction to hear the cause on the language of 1929 Comp. § 96-105, reading as follows: "Any county, precinct, district, city, town or village officer elected by the people, and any officer appointed to fill out the unexpired term of any such officer, may be removed from office on any of the grounds mentioned in this chapter and according to the provisions hereof."

Counsel for relators urge that the use of the word "district" in the statute just quoted does not embrace a school district. They are unable to point out any other municipal subdivision to which the word "district" as used in the statute might reasonably apply, certainly none to which it more naturally or logically relates itself than a school district. We must rule against relators on this contention.

Perhaps sensing the weakness in this argument, relators follow it with the contention that if, as originally employed, the word "district" embraced within its meaning a school district, because of its inconsistency with the above quoted constitutional provision creating the state board of education, it was not carried forward as an existing territorial law under the provisions of article 22, § 4, of the state Constitution and is no longer operative.

■ It is further argued that the enactment of chapter 148, N. M. Session Laws of 1923, and the various acts amendatory thereof represents a complete codification of the school laws of the state in entire harmony with the constitutional powers of the state board of education, provision for the removal of certain school officials for various acts, generally although not always criminal in character, are pointed out and the conclusion drawn that it is to the state board of education alone and the regulatory measures provided for it in the school code that we must look for authority to sustain removal proceedings against directors of school districts.

We look in vain, however, for any general warrant of authority to remove directors of a school district except as found in 1929 Comp. § 96-105 and succeeding sections, and these provisions are not a part of, and were enacted long prior to, adoption of the school code.

Nowhere in this enactment or its various amendments do we find any set up of machinery for removal of school directors before state board of education or under its supervision. On the contrary, we find that the school code itself, in one section expressly,

section 120-1424, and in another by implication, section 120-813, authorizes summary removal of school directors by the district court for certain specific acts of malfeasance, thus at least furnishing a legislative interpretation for whatever weight it is entitled to, since adoption of the Constitution, that power in the district court to effect removal of such officials for malfeasance in office, is not in derogation of the constitutional powers of the state board of education.

We then must inquire judicially whether provision for the removal of school directors in proceedings before the district courts of this state is so inconsistent with the "control, management and direction of all public schools" confided into the hands of the state board of education by the Constitution that the statutory authority therefor failed to survive the adoption of the Constitution. And to this inquiry we feel compelled to give a negative answer.

In the first place it is to be noted that the "control" given to the state board is to be exercised "under such regulations as may be provided by law." While conceding that the Legislature may not under the guise of regulation enact measures which are destructive of the primary powers granted, we are not disposed to view removal proceedings before district courts as falling within that category.

As to some grounds of removal stated in section 96-106, for instance "failure, neglect or refusal" of an official to discharge the duties of his office, or "gross incompetency or gross negligence" in the discharge of such duties, a tribunal composed of trained educators, such as a majority of the members of the state board of education are required to be, is perhaps better prepared to pass upon the merits of the charge than is the district judge, a man skilled in the law.

Nevertheless, the hearing of the accusation based upon any of the statutory grounds for removal is quasi judicial in character and in so far as the hearing takes on such character, what forum should be better prepared to hear, determine, and decide than the district courts and the judges thereof? After all, it is a matter of legislative policy. Until the Legislature in its wisdom sees fit to transfer to the state board of education power to entertain and determine proceedings for the removal of school directors, we must hold such power to reside where the territorial legislature placed it, namely, with the district courts.

It is apparent from what has been said that the district court of Guadalupe county has jurisdiction to hear and determine the removal proceeding pending before it. The respondent as judge thereof is not acting without jurisdiction in proceeding with the hearing. The alternative writ of prohibition heretofore issued will therefore be discharged.

It is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.