434 P.2d 61

Loyd O. ROBERTS, Petitioner-Appellee,

v.

STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS of the State of New Mexico, Respondent-Appellant.

No. 8155.

Supreme Court of New Mexico.

Nov. 20, 1967.

Boston E. Witt, Atty. Gen., Bigbee & Byrd, Richard N. Carpenter, Special Asst. Atty. Gen., Santa Fe, for appellant.

Zinn & Donnell, Santa Fe, for appellee.

## OPINION

CHAVEZ, Chief Justice.

This is an appeal by respondent-appellant State Board of Embalmers and Funeral Directors of New Mexico from the decision of the district court, who entered judgment for petitioner-appellee Loyd O. Roberts, reversing the order of said Board. Originally, appellee filed a petition for review under the Uniform Licensing Act, § 67–26–1 et seq., N.M.S.A., 1953 Comp., resulting from the revocation by appellant of appellee's certificate of qualification as an embalmer and funeral director.

There is little dispute as to the facts, which are as follows. Appellee, having had previous experience as an embalmer and having graduated from a college of mortuary science in Texas, acquired an embalmer's license from the state of Texas. Thereafter, on January 19, 1955, appellee made application to appellant for an embalmer's license. At that time, as now, the appropriate licensing statute, § 67–20–17, N.M.S.A., 1953 Comp., provided:

"(a) An application for a certificate of qualification to practice embalming must set forth that the applicant is nineteen [19] years of age or over, a bona fide resident of the state, and of good moral character. It must also show that he:

"1. Has had two [2] years of college work, which work shall be of the liberal arts type and such other study as is preparatory to the course of instruction carried on by the approved colleges of embalming, which two-year period of

study does not include the regular embalming course of instruction at a school of embalming, and further, must include the equivalent in semester hours or quarter hours of the normal full-time study for a two-year period at the particular educational institution.

"2. Has had two [2] years of practical training and instruction as an apprentice under a qualified practicing embalmer of the state;

"3. Has embalmed not less than fifty [50] human bodies while receiving such training and instruction; and

"4. Is a graduate of a regular course of instruction in college of embalming approved by the board.

"The application must be endorsed by two [2] qualified funeral directors or embalmers and who certify that they are familiar with and vouch for the applicant's character, reputation, and professional attitudes. It shall be executed under oath by the applicant, and accompanied by an examination fee of twenty-five dollars [$25.00].

"(b) If the application is in proper form and it appears to the board that the applicant meets the eligibility requirements as set forth in subsection (a), a time and place shall be set for examination, and the secretary shall notify the applicant thereof."

These statutory eligibility requirements were in substance adopted and included by appellant-Board in 1947 in its own Rule 15.

At the time appellee filed his application for an embalmer's license, he made full and truthful disclosure to the then secretary of appellant-Board, who was a licensed funeral director and a past president of the New Mexico Funeral Directors Association, of his qualifications and his lack of two years of college. The then secretary testified that, due to a critical shortage of embalmers in New Mexico and, upon legal advice, appellant had amended its Rule 15 by deleting therefrom the requirement of two years of college work.

In effect, the then secretary advised appellee that, if he met the reciprocity requirements of Rule 15, as amended, he would be eligible to take the examination and, if he passed, he would be licensed. Appellee then filed his application; took the oral and written examination; passed with an over-all grade of 93.1% and was issued an embalmer's license in August 1955. Thereafter, a funeral director's license was issued to him. Since receipt of his licenses, no complaints have been filed against appellee and he has served as president of the New Mexico Funeral Directors and Embalmers Association. We might add here that ample power to take disciplinary action and to revoke or suspend a certificate is provided in §§ 67–20–27, 67–20–28, 67–20–29, N.M.S.A., 1953 Comp. Also, it is conceded that appellant's action in the instant case was not taken pursuant to those statutes. More particularly, appellant admits that no fraud or misrepresentation was perpetrated by appellee and we do not consider any to be present.

On June 10, 1951, appellant adopted Rule 15, as amended but did not file the same in the law library of the New Mexico Supreme Court as required by statute. Rule 15, as amended, reads as follows:

"An application for a certificate of qualification to practice embalming must set forth that the applicant is nineteen years of age or over, a bona fide resident of the State and of good moral Character. It must also show that, the applicant has had two years of college work, which work shall be of the liberal arts type and such other study as is preparatory to the course of instructions carried on by the approved colleges of embalming which two-year period of study does not include the regular embalming course of instruction at a school of embalming and further, must include the equivalent in semester hours or quarter hours of the normal full time study of a two-year period at the particular institution, and that the applicant has had two years of practical and [sic] instruction as an apprentice

under a qualified practicing embalmer of the State of New Mexico and has embalmed not less than fifty human bodies while receiving such training and instruction; or, has been a licensed embalmer for a period or not less than five years in one of the United States having requirements equal or better than the State of New Mexico; and that the applicant is a graduate of a regular course of instruction in a college of embalming approved by the Board. That no requirement of priority be given either the apprenticeship or course of instruction in a college of embalming. The application must be endorsed by two qualified New Mexico Funeral Directors or Embalmers and who certify that they are familiar with and vouch for the applicant's Character, reputation, and professional attitudes. It shall be executed under oath by the applicant and accompanied by an examination fee of twenty-five dollars."

As set out in the minutes of appellant's meeting of June 12, 1953, and upon advice of their attorney, the following resolution was adopted:

" 'RESOLVED, that Rule No. 15, as amended on June 10, 1951, by [sic] and hereby is amended as follows:

'Strike lines 21, 22 and 23 reading "five years in one of the United States having requirements equal to or better than the State of New Mexico; that the applicant is a graduate of a'"

and insert in lieu thereof the following language:

'five years in one of the United States and a resident of the State of New Mexico for not less than one year; that the applicant is a graduate of a'.'"

This purported amended Rule 15 was not filed in the law library of the Supreme Court of New Mexico, and was not printed and distributed by appellant as an official document.

After various discussions regarding the validity of purported amended Rule 15,

appellant on August 12, 1957, rescinded and revoked the same, since it appeared that the contemporary statutes did not authorize reciprocal licensing of embalmers and appellant's attempted reciprocity rule was illegal and void.

Nine years later appellant, for unexplained reasons, brought an action under the Uniform Licensing Act, supra, to revoke appellee's license on the grounds that he did not have the proper educational requirements.

Our preliminary inquiry into the law regarding licenses to practice a profession or vocation reveals it is a well-settled rule that the right to practice a profession or vocation is a property right. State v. Collins, 61 N.M. 184, 297 P.2d 325. See also, Schware v. Board of Bar Examiners, 60 N.M. 304, 291 P.2d 607; Prouty v. Heron, 127 Colo. 168, 255 P.2d 755; Abrams v. Jones, 35 Idaho 532, 207 P. 724; Gilchrist v. Bierring, 234 Iowa 899, 14 N.W.2d 724. Concerning the revocation of this right to practice, the rule regarding its construction is that such legislation is highly penal in its nature and is to be strictly construed. Abrams v. Jones, supra; State ex rel. Johnson v. Clark, 288 Mo. 659, 232 S.W. 1031; State ex rel. Spriggs v. Robinson, 253 Mo. 271, 161 S.W. 1169; Moore v. Vincent, 174 Okl. 339, 50 P.2d 388.

Accordingly, we are brought to the crucial issue of this case, whether or not an administrative agency, having once issued a license to an applicant who has made full disclosure of all pertinent facts, may revoke that same license for reasons that would not have permitted issuance of the license in the first instance.

Appellant naturally contends the affirmative in this issue, citing as authority Mahaney v. City of Cisco, (Tex.Civ.App. 1922), 248 S.W. 420; and Butcher v. Maybury, (D.C.W.D.Wash.1925), 8 F.2d 155.

In Butcher v. Maybury, supra, the petitioners were drugless healers who had been licensed pursuant to the Act of 1919, providing for issuance of licenses for the

practice of drugless therapeutics to three classes of persons, to-wit:

"(1) Those who had completed a residence course of three entire sessions, of 36 weeks each, at a chartered drugless school, the entrance requirements of which are a high school education or its equivalent.

"(2) Those who, prior to the passage of the act of 1919, had attended and received diplomas from chartered drugless schools, the entrance requirements of which were a common school education or its equivalent, and who had practiced their profession for 2 years continuously in the state of Washington.

"(3) Those who had been, for four years prior to the passage of the statute, engaged in the continuous practice of a drugless system mentioned in the act, 2 years of which practice must have been at one place in the state of Washington."

Thereafter, Chapter 10 of the Session Laws of 1925 was enacted providing for revocation of licenses previously issued under the 1919 laws, when such licenses had been issued upon the strength of a diploma received from a school issuing diplomas to persons not having a high school education or its equivalent, and who had not completed a residence course of thirty-six weeks. The action was brought to restrain enforcement of this Act based upon an alleged violation of the Fourteenth Amendment. The suit was dismissed, and the court held that:

"The power of the state to require a license implies the power to revoke a license which has been improperly issued. *Provision for the revocation of such licenses is made by the act of 1919, whose constitutionality is not under attack.* The statute in question merely changes the procedure required for such purpose." (Emphasis added).

The instant case is distinguishable upon the facts, since the Washington statute permitted revocation of improperly issued licenses.

Section 67-20-27, supra, provides:

"(a) The board shall have power to take disciplinary action against any embalmer or funeral director charged with the commission of any of the following acts:

"1. Fraud or misrepresentation in obtaining a certificate of qualification, whether in the application or the qualification examination.

"2. Habitual drunkenness, narcotic addiction, or conviction of a crime involving moral turpitude.

"3. Bribing or offering to bribe, directly or indirectly a member of the board, to influence his action in the performance of his duty.

"4. Willful interference with an embalmer or a funeral director having lawful custody of a dead human body in the performance of his duty to embalm or prepare the same for burial or transportation.

"5. Paying or causing to be paid to any person, money or other valuable consideration to secure business from or through such person.

"6. Violation of any law of the state or of the rules and regulations of the state board of health pertaining to the embalming and preparation of dead human bodies.

"7. Certifying falsely to having embalmed or prepared a dead body, which body was embalmed or prepared by a person other than himself or an apprentice under his direct supervision.

"8. Falsely printing or marking any service or merchandise with the intention of deceiving the public with respect to the brand, grade or quality of such service or merchandise.

"9. Defaming a funeral director by falsely imputing to him dishonorable conduct, inability to perform contracts, or the handling of inferior merchandise.

"10. Shipping or delivering, with intent to deceive, any merchandise or sup-

plies not in conformity with samples previously submitted to the purchaser.

"11. Employing or otherwise engaging agents to solicit business.

"12. Knowingly engaging in advertising which is misleading or inaccurate in any material particular.

"13. Participating in any enterprise or plan whereby the public is defrauded.

"14. Issuing a burial contract or certificate in anticipation of the death of a person.

"15. The violation of any other provisions of this act [67–20–1 to 67–20–33] or regulation of the board not in conflict therewith, for the handling, custody, care, preparation, or transportation of dead human bodies constitutes a ground for disciplinary action."

This statute gives appellant-Board authority to revoke a license for fraud or misrepresentation in the granting, or for subsequent misconduct of the licensee. It is a well-established rule that, where a statute authorizes the revocation of a license for certain named reasons, a license cannot be revoked upon grounds other than the reasons specified. In re Weathers, 159 Fla. 390, 31 So.2d 543; Robinson v. Missouri Real Estate Commission, (Mo.App.1955), 280 S.W.2d 138, 56 A.L.R.2d 566; Janeway v. State Board of Chiropractic Examiners, 33 Tenn.App. 280, 231 S.W.2d 584; 53 C.J.S. Licenses § 44, p. 651; 33 Am.Jur., Licenses, § 66, p. 382. The trial court found in the New Mexico statutes no authority for appellant-Board to revoke the license it had previously granted to appellee. Nor do we find any such statutory authority.

We have also examined the case of Mahaney v. City of Cisco, supra, and find it is not persuasive.

Accordingly, we hold that, barring fraud and misrepresentation and the existence of statutory authority, appellant may not revoke the license issued previously to appellee for the reason that appellee did not have two years of college training re-quired by the statute when, in fact, at the time appellant granted the license to appellee, appellant knew that appellee did not have said college work but, nevertheless, proceeded to grant appellee the license under a policy which, in effect, eliminated the two years of college requirement.

We have considered the other points brought forth by the exhaustive brief of appellant, but find them to be moot in view of our decision.

The judgment is affirmed.

It is so ordered.

COMPTON, J., and OMAN, J. Ct. App., concur.