455 P.2d 840

**Albert A. AMADOR, Jr., Plaintiff-Appellee,**

v.

**NEW MEXICO STATE BOARD OF EDU-
CATION, Defendant-Appellant.**

**No. 8754.**

Supreme Court of New Mexico.

June 16, 1969.

E. P. Ripley, Santa Fe, for defendant-appellant.

Bigbee & Byrd, Richard N. Carpenter, Santa Fe, for plaintiff-appellee.

OPINION

NOBLE, Chief Justice.

On November 8, 1966, Albert Amador, Jr., a certified and qualified school teacher, was elected a member of the State Board of Education. The State Board, in 1962, adopted a resolution requiring the suspension of the teaching certificate of a teacher elected to the State Board. Upon being served with an order to show cause why his teacher's certificate should not be suspended, Amador sought and was granted an injunction restraining and enjoining the State Board of Education from enforcing

its resolution or suspending Amador's teaching certificate. The Board has appealed.

The State Board of Education was created by art. XII, § 6 (Supp.1967) of the State Constitution, one member to be elected from each judicial district for terms of six years. The Constitution requires the Board to determine public school policy and to have control, management and direction of all public schools, pursuant to authority and powers provided by law. The constitutional provision respecting rules or regulations is not self-executing but the Board's power to promulgate the rule now under consideration must be found in and is limited by statute. See Bourne v. Board of Education of City of Roswell, 46 N.M. 310, 128 P.2d 733; State ex rel. Hannah v. Armijo, 37 N.M. 423, 24 P.2d 274. The Board relies upon § 77–8–19(A), N.M.S.A.1953, for its authority to suspend Amador's teaching certificate. The provision reads:

> "The state board may suspend or revoke a certificate held by a certified school instructor or administrator for incompetency, immorality or for any other good and just cause."

Relying on Haymaker v. State ex rel. McCain, 22 N.M. 400, 163 P. 248, L.R.A. 1917D, 210, the Board argues that the office of member of the State Board of Education and that of a public school teacher are incompatible, and then reasons that since the statute grants authority to revoke a teacher's license for "good and just cause," the suspension of Amador's license was for "good and just cause" and is authorized by the statute.

The law requires teachers to be licensed, but it is well settled that the right to practice a profession or vocation is a property right. State v. Collins, 61 N.M. 184, 297 P.2d 325. Legislation concerning revocation of this right is highly penal in its nature and is to be strictly construed. Roberts v. State Board of Embalmers & Funeral Directors, 78 N.M. 536, 434 P.2d 61. It is equally well established that when a statute authorizes revocation or suspension of a license entitling one to practice a profession or vocation for certain specified reasons, revocation or suspension is strictly limited to those specified. Roberts v. State Board of Embalmers & Funeral Directors, supra. It is argued that the words "for good and just cause" grant to the Board broad discretionary authority. However, it is firmly established that statutes delegating powers to administrative agencies must clearly provide reasonable standards as a guide in the exercise of the discretionary powers. City of Santa Fe v. Gamble-Skogmo, Inc., 73 N.M. 410, 389 P.2d 13.

It is likewise a fundamental principle that courts will not declare a legislative act unconstitutional if there is any reasonable basis upon which it can be upheld. State ex rel. Lee v. Hartman, 69 N.M. 419, 367 P.2d 918; Fowler v. Corlett, 56 N.M. 430, 244 P.2d 1122. In authorizing revocation or suspension of a license by reason of "incompetency or immorality" the legislature employed words having a reasonably certain meaning in the law, but then added "or for other good and just cause." These words in themselves have no reasonably defined meaning in law, and, if they are to be given the broad interpretation contended for by the Board, would seem to permit the revocation of a teacher's license for matters having no reasonable relation to the underlying purpose of the statute. See Sage-Allen Co. v. Wheeler, 119 Conn. 677, 179 A. 195, 98 A.L.R. 897, where the Connecticut court said:

> "* * * But if we did give to these words so broad a meaning, we would be attributing to the Legislature an intent to vest the board with power going beyond the scope of its purposes and to enact a law of at least doubtful constitutionality. We cannot assume that the Legislature intended to give expression to such an intent and must, if it is reasonably possible to do so, so construe the words it has used as to make the provision a valid and reasonable one. * * * "

See also In re Santillanes, 47 N.M. 140, 138 P.2d 503. An examination of the Act requiring the licensing of school teachers convinces us that its purpose is to protect the public against incompetent teachers, and to insure proper educational qualifications, personal fitness and a high standard of teaching performance. See Knickerbocker v. Redlands High School Dist., 49 Cal.App.2d 722, 122 P.2d 289.

█ The "other good and just cause" for suspension of teachers, then, must be related to this purpose of the statutory provision. In our view, the suspension of a teacher for incompatibility with membership on the State Board of Education does not fall within the purpose of insuring a high quality of public instruction. Indeed, appellant does not argue that the supposed incompatibility detrimentally affects teaching performance.

█ Rather, appellant's argument goes to the ability of active teachers to effectively and fairly carry out their duties as Board members. However, the statute providing that an office becomes vacant when an officer accepts or undertakes the discharge of the duties of another incompatible office, upon which Haymaker v. State, supra, rested, has no application here. The position of school teacher is not an office within the meaning of the statute (§ 5–3–42, N.M.S.A.1953). The State Board only has jurisdiction over a school teacher in the instance where the teacher appeals to that Board from an adverse ruling by the local board of education. The fact that a teacher who is also a member of the State Board might appeal from the action of the local board presents no serious problem. The teacher would simply refrain from acting as a member of the Board in his case just as would a member of any other trade or profession who appealed to the board of which he was a member. In fact, in looking at other legislation requiring the licensing of trades or professions, in every instance to which our attention has been called, the licensing agency includes members of the trade or profession. For examples, see dentistry (§ 67–4–1 et seq.), optometry (§ 67–7–1 et seq.), pharmacy (§ 67–9–1 et seq.), architecture (§ 67–12–1 et seq.), engineering and surveying (§ 67–21–29 et seq.), public accountancy (§ 67–23–1 et seq.), and real estate brokers (§ 67–24–1 et seq.).

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON and TACKETT, JJ., concur.