JACK K. LEAVITT, Appellant, v. EDWARD L. PINE, ERNEST H. CLARY, ROBERT W. MILLARD, REX R. LLOYD, BYRON S. HARDIE, GEORGE E. SUTTON and REX A. TYNES, as Members of and Consisting of the STATE BOARD OF REGISTERED PROFESSIONAL ENGINEERS, and the STATE BOARD OF REGISTERED PROFESSIONAL ENGINEERS, Respondents.

No. 6023

July 23, 1970         472 P.2d 526

*Boyd, Leavitt and Freeman,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *John G. Spann,* Deputy Attorney General, of Las Vegas, for Respondents.

# OPINION

By the Court, BATJER, J.:

The appellant, Jack K. Leavitt, graduated from Heald Engineering College in September, 1949. On October 5, 1951, he took and passed the Nevada engineer-in-training test.[1] On July 7, 1953 he took the land surveyor examination but only passed part A. On October 19, 1953, he took and passed part B. That same day appellant was to have taken a written examination for the classification of civil engineer, but did not do so. He was then advised that inasmuch as he was not a graduate of an accredited school and because his work experience was largely in the field of surveying, additional information was needed to determine if a written examination for registration as a professional engineer with the classification "civil" would be necessary. He submitted additional work data but never took a written test.[2] The appellant testified that he was shortly thereafter told that he would be registered as a professional engineer with the classification of land surveyor. Subsequently, he was issued a certificate and a license card and advised that as a professional engineer he could use a seal approved by the board. Leavitt's title on his certificate, license card and seal was phrased "Professional Engineer-Land Surveyor."

---

[1] 1943 NCL 1949, Supp. § 2871, as amended by Chapter 299, Statutes of Nevada 1951, in effect at that time read in pertinent part as follows:

"The term 'professional engineer,' as used in this act, shall mean a person who by reason of his professional education and practical experience is qualified to engage in engineering practice as hereinafter defined.

"The term 'engineer-in-training,' as used in this act, shall mean a candidate for registration as a professional engineer:

"1. Who is a graduate of an approved engineering curriculum of four years or more approved by the board as of satisfactory standing and who in addition has successfully passed an oral or written examination as shall be designated by the board; or

"2. Who has had four years or more experience in engineering work satisfactory to the board; and who, in addition has successfully passed part one of the examination as provided in paragraph 3 of section 5 of this act."

[2] Leavitt does not claim to be entitled to the classification of "civil."

In 1961, the legislature amended the statute defining the "practice of professional engineering" to expressly exclude land surveying.[3] This legislation could only have a prospective effect and could not alter Leavitt's professional status.

The record reveals that the appellant continued to be certified as a "Professional Engineer-Land Surveyor" until 1965. In 1966, he was issued a certificate which bore only the title, "Land Surveyor." On April 14, 1967, after requests to the State Board of Registered Professional Engineers (hereinafter referred to as the "board") for return of the designation "Professional Engineer" had failed, appellant filed an action against respondents, requesting: (1) that the board be enjoined from classifying him as anything other than a professional engineer; (2) that the board be enjoined from publishing a roster of professional engineers with listings according to the different branches of engineering; (3) that NRS 625.180–625.210 and 625.520 be declared unconstitutional as an unlawful delegation of legislative power to an administrative agency; and (4) that the board be required to "return" him to the status of a professional engineer without limitation as to field of practice. Upon appellant's motion, the court entered summary judgment granting the relief requested. An appeal was taken, and this court reversed the trial court in Pine v. Leavitt, 84 Nev. 507, 445 P.2d 942 (1968), holding that the statutes in question were not an unconstitutional delegation of legislative power and that summary judgment was improvidently granted because there appeared to be triable issue of fact concerning Leavitt's professional status.

Upon trial, the lower court found that Leavitt had practiced as a licensed land surveyor and that there was no abuse of discretion by the board in reclassifying him as a land surveyor since he had acquired no valuable property right to the title of "professional engineer."

In this appeal Leavitt contends that he was deprived of a valuable property right without due process of law when the board refused to continue to license him as a professional engineer. He further contends that the trial court erred when it found that (1) the board had the authority, subsequent to his certification in 1953, to determine whether he had met the

---

[3]NRS 625.050(2): "The practice of engineering shall not include land surveying or the work ordinarily performed by persons who operate or maintain machinery or equipment." See also NRS 625.040 (4): "The practice of land surveying does not include the design, either in whole or in part of any structure of fixed works embraced in the practice of professional engineering as defined in NRS 625.050."

statutory requirements to be classified as a professional engineer; and (2) that the board did not abuse its discretion when it denied him that status.

We agree that the trial court committed reversible error.

Both the respondents and the trial court have misinterpreted the holding of this court in Pine v. Leavitt, supra, and have apparently concluded that our assertion: "The respondent is a licensed land surveyor and asserting that he is a professional engineer will not change his status" was a finding by this Court. They have overlooked the principle, in determining whether or not it was proper to grant summary judgment, that every intendment must have been drawn in favor of the board and against Leavitt.[4]

In the 1947 Statutes of Nevada, Chapter 254, the title of the act 1929 NCL, 1941 Supp. §§ 2870–2875.07, inclusive, was specifically amended to read in part as follows: "An act to provide for a state board of registered professional engineers to examine applicants and issue certificates for land surveying as a distinct branch of professional engineering; . . ."

That was the chapter title in effect when Leavitt was originally licensed and given his certificate and seal. It is hard to imagine a clearer authorization, yet counsel for the respondents argues that the board was without authority when it licensed and certified the appellant as a professional engineer-land surveyor.

It is furthermore noted that 1929 NCL, 1941 Supp. § 2871, as amended, provided in pertinent part: "The practice of professional engineering within the meaning and intent of this act includes any professional service such as surveying [etc.] . . ." (See NRS 625.050.)

Strong reliance is placed, by the respondents, on the fact that in 1947 the legislature passed the land surveyor's act (1947 Statutes of Nevada, Chap. 254, sec. 11½ et seq; 1943 NCL, 1949 Supp. §§ 2875.05(a)–2875.06(c)), and asks this

[4]See Whiston v. McDonald, 85 Nev. 508, 458 P.2d 107 (1969). Chief Justice Collins dissenting:

"In deciding the propriety of a summary judgment, all evidence favorable to the party against whom such summary judgment was rendered will be accepted as true. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963). Likewise, we must draw every intendment in favor of the plaintiff against whom summary judgment was granted. Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966); Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969). . . ."

court to construe that act as prohibiting a professional engineer from being classified as a land surveyor. However, a careful reading of that act as it was in effect when the appellant was certified in 1953 not only authorized the board to issue certificates for land surveying as a distinct branch of professional engineering but required all professional engineers, not specifically exempt (1943 NCL, 1949 Supp. § 1875.05(c) and 1943 NCL, 1949 Supp. § 2875.06(c)(5)(a)) to qualify under the act (1943 NCL, 1949 Supp. § 2875.05(a)) if they were to engage in the practice of land surveying. 1943 NCL, 1949 Supp. § 1875.05(6) and 1943 NCL, 1949 Supp. § 2875.06 (c).

Furthermore the prerequisites to becoming only a land surveyor were much relaxed from those which Leavitt was required to meet as an engineer-in-training and a professional engineer.

The respondents also contend that the by-laws which were received in evidence prevented the board from certifying the appellant as a professional engineer-land surveyor. Examination fails to disclose when those by-laws became effective. In any event, the board could not have promulgated any by-laws inconsistent with the laws of this State. 1943 NCL, 1949 Supp. § 2872(1).

After the board determined that the appellant could be certified as a professional engineer with the classification of land surveyor, (1943 NCL, 1949 Supp. § 2871; NRS 625.410), the subsequent modification of the law by the legislature excluding land surveying from the practice of engineering could not affect his status.

A license to practice one's profession is a right protected by the courts. In Abrams v. Jones, 207 P. 724, 727 (Idaho 1922), it was stated: ". . . Where a state confers a license upon an individual to practice a profession, trade, or occupation, such license becomes a valuable personal right which cannot be denied or abridged in any manner except after due notice and a fair and impartial hearing before an unbiased tribunal." See also Smith v. State Board of Medical Examiners, 117 N.W. 1116 (Iowa 1908); Gilchrist v. Bierring, 14 N.W.2d 724 (Iowa 1944).

In Roberts v. State Board of Embalmers & Funeral Dir., 434 P.2d 61 (N.M. 1967), that court said: ". . . It is a well-established rule that, where a statute authorizes the revocation

of a license for certain named reasons, a license cannot be revoked upon grounds other than the reasons specified." [Citations omitted.] The record is devoid of any allegations of facts that would give the board cause to deny the appellant his certification as a "professional engineer" and the respondents admit that there are none.

Upon the facts of this case we find that the board was precluded from diminishing the appellant's professional status in any manner whatsoever, without cause, and its attempt to issue him a license without the certification of "professional engineer" was such a diminution.

We reverse the district court and return this matter with instructions to enter a judgment directing the State Board of Registered Professional Engineers to issue to the appellant a license certifying him to be a "professional engineer" with the classification of "land surveyor."

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.