ANNA E. HAMM and GLADYS G. MELLO, Appellants,
v. CARSON CITY NUGGET, INC; CARSON CITY
NUGGET CASINO, INC., Respondents.

No. 5613

February 18, 1969                          450 P.2d 358

*Echeverria and Osborne,* of Reno, for Appellants.

*Vargas, Bartlett & Dixon,* and *Steven T. Walther,* of Reno,
for Respondents.

## OPINION

By the Court, Thompson, J.:

The issue on this appeal is whether the heirs of pedestrians
who were killed by a car being driven by a drunken driver have
a claim for relief for wrongful death against the tavern keeper
who unlawfully sold liquor to the offending driver.

The district court ruled that the tavern keeper was not liable
as a matter of law and entered summary judgment in his favor.

That court reasoned that civil liability in this situation should be created by legislative act, if at all, and not by court pronouncement. We affirm that determination.

It is not useful to recite the pleadings and the relevant facts to be gleaned from the deposition of the drunken driver since, in phrasing the issue, we have drawn every intendment in favor of the plaintiffs against whom summary judgment was granted (Catrone v. 105 Casino Corp., 82 Nev. 166, 414 P.2d 106 (1966)), and have assumed that the offending driver was inebriated while in the tavern purchasing and drinking liquor.

Our resolution of the issue at hand requires consideration of common law doctrine, the effect, if any, of Nevada's criminal statute prohibiting the sale of liquor to a drunk, and public policy.

1. Since the problem has not been decided in Nevada we must look elsewhere for guidance. The common law is the rule of decision in our courts unless in conflict with constitutional or statutory commands. NRS 1.030; Davenport v. State Farm Mutual, 81 Nev. 361, 404 P.2d 10 (1965). In years gone by the common law denied liability in this situation. A liquor vendor was not responsible to innocent third persons for injury or death due to the inebriated person's conduct. The proximate cause of damage was deemed to be the patron's consumption of liquor, and not its sale. Cole v. Rush, 289 P.2d 450 (Cal. 1955); Beck v. Groe, 70 N.W.2d 886 (Minn. 1955); State v. Hatfield, 78 A.2d 754 (Md.App. 1951); Collier v. Stamatis, 162 P.2d 125 (Ariz. 1945); Seibel v. Leach, 288 N.W. 774 (Wis. 1939), are illustrative cases.

The common law rule has been eroded in recent years. Some courts now recognize a common law right of action on the premise that the serving of liquor initiates a foreseeable chain of events for which the tavern owner may be held liable. Waynick v. Chicago's Last Dept. Store, 269 F.2d 322 (7 Cir. 1959); Rappaport v. Nichols, 156 A.2d 1 (N.J. 1959); Jardine v. Upper Darby Lodge No. 1973, 198 A.2d 550 (Pa. 1964); Elder v. Fisher, 217 N.E.2d 847 (Ind. 1966). This recent trend has been rejected by other courts who continue to prefer the old doctrine. Carr v. Turner, 385 S.W.2d 656 (Ark. 1965); Lee v. Peerless Ins. Co., 183 So.2d 328 (La. 1966). Whatever choice we make for Nevada is supportable by case authority elsewhere. In the final analysis the controlling consideration is public policy and whether the court or the legislature should declare it.

There are persuasive arguments either way. Those favoring an extension of liability suggest that if someone is to be saddled with the risk it is better to place it where there is some opportunity to anticipate and prevent it, that is, with the tavern owner. They see the issue as one of fact for the judge or jury to decide whether a reasonable tavern keeper might foresee that the drinking patron was developing a propensity to do harm. They note the carnage on our highways caused by intoxication and hope to reduce it by imposing a civil liability upon the tavern owner.

Those opposed to extending liability point out that to hold otherwise would subject the tavern owner to ruinous exposure every time he poured a drink and would multiply litigation needlessly in a claims-conscious society. Every liquor vendor visited by the patron who became intoxicated would be a likely defendant in subsequent litigation flowing from the patron's wrongful conduct. They urge that if civil liability is to be imposed, it should be accomplished by legislative act after appropriate surveys, hearings, and investigations to ascertain the need for it and the expected consequences to follow. We prefer this point of view. Judicial restraint is a worthwhile practice when the proposed new doctrine may have implications far beyond the perception of the court asked to declare it.

2. The plaintiffs-appellants assert a claim for relief based upon a violation of a criminal statute. NRS 202.100 provides in part that it is unlawful for one in charge of a saloon or bar to sell intoxicating liquor to any person who is drunk. One who does so commits a misdemeanor.[1] This prohibitory statute

[1]NRS 202.100(1) and (4) read:
"1. It shall be unlawful for the proprietor, bartender or person in charge of any saloon or bar to sell or give, or to permit to be sold or given, any intoxicating liquor to any person who is drunk, or to any person known by such proprietor, bartender or person in charge to be an habitual drunkard or dipsomaniac, or to any habitual drunkard or dipsomaniac, after being notified by the wife, father or mother, son or daughter of such habitual drunkard or dipsomaniac, or by any peace officer, not to sell or give liquor to such habitual drunkard or dipsomaniac. The proprietor, bartender or person in charge of any saloon or bar may post behind the bar, where the same may be readily seen by the bartender, but may not be seen by the persons in front of the bar, a list of names of habitual drunkards, or persons to whom intoxicating liquors are not to be sold.
"2. . . .
"3. . . .
"4. Any person violating any provision of this section, or who, as a result of the use of intoxicating liquors, shall abuse or fail properly to support or care for his wife or any minor child lawfully in his custody, shall be guilty of a misdemeanor."

differs from the dram shop acts which specifically provide for civil liability.

Some states without a dram shop act have held that a violation of the prohibitory statute is either evidence of negligence, or negligence per se. Ramsey v. Anctil, 211 A.2d 900 (N.H. 1965); Rappaport v. Nichols, 156 A.2d 1 (N.J. 1959); Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963). Others hold that the purpose of such a statute is to regulate the business of selling intoxicants, and not to enlarge civil remedies. Collier v. Stamatis, 162 P.2d 125 (Ariz. 1945); Carr v. Turner, 385 S.W.2d 656 (Ark. 1965); Lee v. Peerless Ins. Co., 183 So.2d 328 (La. 1966).

In other contexts we have recognized that a violation of a penal statute is negligence per se. Southern Pacific Co. v. Watkins, 83 Nev. 471, 435 P.2d 498 (1967); Ryan v. Manhattan Big Four Mining Co., 38 Nev. 92, 145 P. 907 (1914). We decline to so rule in this case since to do so would subvert the apparent legislative intention. The statute before us is but one of many in the statutory scheme regulating the sale of tobacco and intoxicating liquor to minors and drunkards. The section immediately preceding NRS 202.100 (NRS 202.070) does impose a limited civil liability upon the proprietor of a saloon who sells liquor to a minor. By providing for civil liability in one section and failing to do so in the section immediately following, the legislature has made its intention clear. Accordingly, we must conclude that a violation of NRS 202.100 does not impose civil liability upon one in charge of a saloon or bar, nor is such a violation negligence per se.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.