WILLIAM RODNEY BELL, WILLIAM BELL AND ARLENE BELL, Appellants, v. ALPHA TAU OMEGA FRATERNITY, ETA EPSILSON CHAPTER, A Non-Profit Corporation; NEVADA DELTA IOTA BUILD-ING ASSOCIATION, A Non-Profit Corporation; UNIVERSITY OF NEVADA, RENO; INTERFRATERNITY COUNCIL, Respondents.

No. 11500

March 17, 1982                                    642 P.2d 161

*Bergmann & Mollath,* Reno, for Appellants.

*Johnson, Belaùstegui & Robison; Wait, Shamberger, Georgeson, McQuaid & Thompson; Hibbs & Newton;* Reno, for Respondents.

## OPINION

By the Court, SPRINGER, J.:[1]

Appellants, William Rodney Bell and his parents William and Arlene Bell, sued Alpha Tau Omega fraternity (ATO), its building association, Delta Iota Building Association, and the Interfraternity Council of the University of Nevada, Reno. Suit arose out of injuries sustained by Rodney Bell when he fell off the roof of the ATO house.

The facts surrounding the fall are as follows: March 21, 1976 was initiation day at the ATO house. Rodney was an initiate; he was nineteen at the time. The formal initiation took place between 4:00 p.m. and 6:00 p.m. After the initiation Rodney joined other fraternity members in picking up a keg of beer. While doing this Rodney drank four or five beers. After dinner Rodney joined in drinking from the keg and imbibed a little wine on his own. By 11:00 p.m. he was drunk. In this condition he proceeded to up-end beds, throw books, clothes and papers about the fraternity house and otherwise act up. This all led to Rodney's disastrous attempt to enter one of his brother's rooms via the steeply-pitched ATO roof.

Rodney and a friend started up one side of the roof. He started to slip on his initial ascent and advised a companion in the venture that he was removing his shoes in order to get better traction. Rodney proceeded up and over the top ridge and started his descent to the gabled window of the room which he intended to enter. His companion warned him not to get too close to the edge of the roof as he might slip and fall. Thereafter the companion saw Rodney fall from the roof.

This appeal follows a jury verdict in favor of defendants below. Appellants allege that the trial court erroneously instructed the jury in several respects.

---

[1]By assignment of the Chief Justice, Justice CHARLES E. SPRINGER is participating in the decision of this appeal in the place and stead of Justice NOEL E. MANOUKIAN, who voluntarily disqualified himself subsequent to oral argument.

## ASSIGNMENTS OF ERROR

1. *Refusal to Give Instruction that Furnishing Alcohol was Negligence Per Se.* The Bells requested an instruction that violation of NRS 202.055,[2] if the proximate cause of Rodney's injuries, consitutes negligence as a matter of law. The statute makes it a criminal offense knowingly to furnish liquor or intentionally to make liquor available to persons under twenty-one.

This court held in Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969), that a related statute, NRS 202.100,[3] prohibiting service of intoxicants to a person who is drunk, did not impose civil liability and that violation of the statute was not negligence per se. The rationale behind the *Hamm* decision is that the purpose of the statute was to regulate the selling of intoxicants and not to enlarge civil remedies.

NRS 202.055 is likewise part of the statutory scheme regulating the sale of tobacco and intoxicating liquor to minors and drunkards. It would be inconsistent with our previous decision and legally unsound for us to hold that violation of this statute by furnishing beer to an adult under twenty-one years of age constituted negligence as a matter of law. We adhere to our view that absent evidence of legislative intent to impose civil liability we shall not conclude that a violation of a statute is negligence per se.

---

[2]NRS 202.055 provides as follows:

NRS 202.055 Sales, furnishing of intoxicating liquor to minors; aiding minor to purchase, procure intoxicating liquor; "intoxicating liquor" defined.

1. Every person who knowingly:

(a) Sells, gives or otherwise furnishes intoxicating liquors to any person under the age of 21 years; or

(b) Leaves or deposits any intoxicating liquors in any place with the intent that the same shall be procured by any person under the age of 21 years; or

(c) Furnishes, gives, or causes to be given any money or thing of value to any person under the age of 21 years with the knowledge that the money or thing of value is to be used by the person under the age of 21 years to purchase or procure any intoxicating liquor, is guilty of a misdemeanor.

2. Paragraph (a) of subsection 1 does not apply to a parent, guardian or physician of the person under the age of 21 years.

3. As used in this section, "intoxicating liquor" means beer, wine, gin, whiskey, cordials, ethyl alcohol or rum, and every liquid or solid, patented or not, containing one-half of 1 percent or more of alcohol by volume and which is used for beverage purposes.

[3]NRS 202.100 has since been repealed by the legislature. 1973 Nev. Stats. ch. 604, § 8, at 1062.

2. *Refusal to Give Willful Misconduct Instructions.* Willful misconduct requires a consciousness that one's conduct will very probably result in injury. We have here an adult, nineteen years old; he went with his fraternity brothers to buy a keg of beer in which he shared generously. He got drunk and fell off the fraternity house roof. It is hard to find that any defendant acted in a manner that naturally or probably would cause Rodney to get drunk and fall off the roof. *Cf.* Van Cleave v. Kietz-Mill Minit Mart, 97 Nev. 414, 633 P.2d 1220 (1981) (knowing sale of alcoholic beverages to minors in violation of the law did not amount to willful or wanton misconduct). The trial judge was correct in refusing this instruction.

3. *Refusal to Give Instruction Regarding Legality of Parents' Providing Alcohol to Child.* During trial, defense counsel emphasized that Rodney's parents had served him alcohol and had otherwise condoned his drinking. NRS 202.055 exempts parents from criminal liability for furnishing alcohol. The Bells claim they were prejudiced by the court's refusal to instruct the jury that they were not acting illegally in serving alcohol to their son. We think the evidence is wholly immaterial since parental misconduct was not in issue. Rodney was not a child and his parents owed no duty to protect him from his decision to drink. It, therefore, may have been error for counsel to comment on irrelevant information concerning the Bells' attitude toward drinking. Appellants' counsel should have objected both to the line of questioning and to the comments in closing argument. There is no indication of any objection in the record. It therefore appears that appellants have waived their right to object. Nevertheless, even assuming that the Bells were entitled to an instruction on the exemption of parents from criminal liability, we cannot see that the omission of the instruction affected their substantial rights. *See* NRS 178.598.

Appellants' remaining contentions are also without merit. This case is affirmed.

GUNDERSON, C. J., and MOWBRAY and BATJER, JJ.,[4] and MENDOZA, D. J.,[5] concur.

---

[4]The Chief Justice has designated THE HONORABLE CAMERON BATJER as justice pro tempore. SCR 11.

[5]The Governor designated the Honorable John F. Mendoza, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const., art. 6 § 4.