**Oscar NUNEZ, Plaintiff,**

v.

**SAHARA NEVADA CORPORATION, dba Mint Hotel & Casino, Defendant.**

**No. CV–S–86–398–PMP.**

United States District Court, D. Nevada, Las Vegas Division.

Jan. 22, 1988.

Richard Segerblom, Las Vegas, Nev., for plaintiff.

Andrew S. Brignone, Las Vegas, Nev., for defendant.

### MEMORANDUM OPINION AND ORDER: JUDGMENT ON THE PLEADINGS

PRO, District Judge.

Before the Court is Defendant's Motion for Judgment on the Pleadings, filed October 2, 1987 (# 20). Defendant's Motion seeks to have the Court, pursuant to Federal Rule of Civil Procedure 12(c), dismiss Plaintiff's Fifth Cause of Action contained in Plaintiff's Amended Complaint, filed February 12, 1987 (# 9), on the ground that there is no implied private cause of action under Nevada Revised Statutes ("NRS") § 613.160.

For the reasons discussed below, the Court must grant Defendant's Motion, and dismiss Plaintiff's Fifth Cause of Action.

### FACTUAL BACKGROUND

Plaintiff had been employed by Defendant for 15 years. On or about October 9, 1984, Plaintiff was discharged from his position as Maitre'D of the "Top of the Mint" restaurant, located in the Mint Hotel and Casino. On April 23, 1986, Plaintiff filed a Complaint with the Court (# 1). Subsequently, on February 12, 1987, Plaintiff filed an Amended Complaint (# 9). The Fifth Cause of Action included in Plaintiff's Amended Complaint alleges that he "was terminated because of accusations of spotters that he sold tables," and that he was denied an opportunity to confront the "spotters" despite his specific request to do so.

While NRS § 613.160 makes it unlawful for an employer to discipline or discharge an employee based upon the report of a spotter unless the employee has the opportunity to a hearing at which he may confront such spotter, the statute does not, on its face, provide for the employee to bring an action against the employer for a violation thereof.[1] Plaintiff therefore bases his Fifth Cause of Action on Defendant's alleged breach of Nevada public policy, as implicitly reflected by NRS § 613.160. Plaintiff further invokes the pendent jurisdiction of this Court to consider his Fifth Cause of Action which arises under Nevada law.

In its Motion for Judgment on the Pleadings (# 20), Defendant contends that Plaintiff's Fifth Cause of Action fails to state a judicially cognizable claim for two reasons: (1) Nevada courts do not recognize a private cause of action where the legislature has expressly addressed the issue and provided an exclusive remedy; and (2) Nevada courts recognize only a narrow public policy exception to the at-will employment doctrine.

### FEDERAL COURTS OBLIGATED TO APPLY STATE LAW

It is well established that when considering state substantive law, federal courts are bound by the state high court's decision as well as its interpretations of legislative intent. *Lost Timber v. Power City Const. Inc.,* 809 F.2d 590, 592 (9th Cir.1987); *Olympic Sports Products, Inc. v. Universal Athletic Sales Co.,* 760 F.2d 910, 913 (9th Cir.1985), *cert. denied,* 474 U.S. 1060, 106 S.Ct. 804, 88 L.Ed.2d 780 (1986).

---

1. Subsection 2 of NRS § 613.160 provides *in toto:*

> Any person, corporation, firm, association or employer violating any provision of this section shall be liable to the State of Nevada for a penalty of $500 for each offense. Such a penalty shall be recovered and suit brought in the name of the State of Nevada in a court of proper jurisdiction by the attorney general, or under his direction by the district attorney in any county having proper jurisdiction.

Both parties concede that the Nevada Supreme Court has not ruled on whether an implied private cause of action under NRS § 613.160 can be inferred from the legislative history. When a state's highest court has not decided an outcome determinative issue, the task of the federal court is to predict how the state high court would resolve it. *King v. Penrod Drilling Co.,* 652 F.Supp. 1331, 1333 (Nev.1987), citing *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir.1986). See also, *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.1985), *cert. dis.* 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985). In attempting to approximate the extent and scope of state law as closely as possible under the circumstances, the federal court should not ignore well-considered dicta from state high court decisions on related issues. *Dimidowich, supra,* citing *Gee v. Tenneco, Inc.,* 615 F.2d 857, 861 (9th Cir. 1980).

## STANDARD OF STATUTORY CONSTRUCTION

In construing the scope of remedies provided in a statute, Nevada State courts, just as their federal counterparts, have long recognized and applied *"expressio unius est exclusio alterious,"* a maxim of statutory construction meaning that "the expression of one thing is the exclusion of the other." [2]

The Nevada Supreme Court's decision in *Hamm v. Carson City Nugget, Inc.,* 85 Nev. 99, 450 P.2d 358, 359 (1969), applied this maxim in finding no implied private right of action under a state statute which provided for criminal penalties against the sale of liquor to anyone who is noticeably intoxicated:

> [Those opposed to infering an implied private right of action from the statute]

urge that if civil liability is to be imposed, it should be accomplished by legislative act after appropriate surveys, hearings, and investigations to ascertain the need for it and the expected consequences to follow. We prefer this point of view. Judicial restraint is a worthwhile practice when the proposed new doctrine may have implications far beyond the perception of the court asked to declare it.

The Court further noted that the statute at issue was but one of many in the statutory scheme regulating the sale of tobacco and liquor to "minors and drunkards," and that the section immediately preceding it provided for a limited civil cause of action against the sale of liquor to a minor. The Court concluded:

> By providing for civil liability in one section and failing to do so in the section immediately following, the legislature has made its intention clear. Accordingly, we must conclude that a violation of [the statute at issue] does not impose civil liability upon one in charge of a saloon or bar,.... *Id.,* 450 P.2d at 360.

Similarly, while the legislature has provided for a private cause of action for damages or injunctive relief for violation of certain sections of NRS Chapter 613, dealing with "Employment Practices," the only remedy provided for in § 613.160 is a suit brought by the Attorney General to recover the $500 in the name of the State of Nevada.[3]

## DETERMINATION OF IMPLIED STATUTORY REMEDIES

■ The United States Supreme Court has applied the maxim *expressio unius est exclusio alterius* in a string of decisions, with the result that a clear standard for its

---

2. See, *O'Callaghan v. The Eighth Judicial District Court,* 89 Nev. 33, 505 P.2d 1215, 1216 (1973); *Hamm v. Carson City Nugget, Inc.,* 85 Nev. 99, 450 P.2d 358 (1969); *Galloway v. Truesdell,* 83 Nev. 13, 422 P.2d 237, 246 (1967); *State Bar v. Sexton,* 64 Nev. 459, 184 P.2d 356 (1947); *Ex parte Arascada,* 44 Nev. 30, 189 P. 169 (1920); *In re Bailey's Estate,* 31 Nev. 377, 103 P. 232 (1909); *State v. Arrington,* 18 Nev. 412, 4 P. 735 (1884); *State ex rel. Leake v. Blasdel,* 6 Nev. 40 (1870).

3. NRS § 613.070 creates a private cause of action in favor of an employee against his employer for violations of §§ 613.040 to .060; § 613.290 creates a private cause of action for damages against anyone violating §§ 613.230 to 613.300, and § 613.300 provides for injunctive relief for a violation of the same sections; § 613.420 creates a private cause of action in favor of any person alleging unfair employment practices under §§ 613.310 to 613.400.

application has emerged for determining whether an implied private cause of action may be inferred from a statute. Defendant's Motion for Judgment on the Pleadings discusses an important case, *National Railroad Passenger Corp. v. National Ass'n of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) ("*Amtrak*"), in which an association of railroad passengers challenged the discontinuance of certain passenger lines as violative of Amtrak's governing statute.

The Supreme Court focused on the statute's specific grant of enforcement suits by the Attorney General or, in cases involving a labor agreement, by employees to conclude that the statute did not imply a private cause of action:

> ... [W]hen legislation *expressly* provides a *particular* remedy or remedies, courts should *not* expand the coverage of the statute to subsume other remedies. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." This principle of statutory construction reflects an ancient maxim—*expressio unius est exlusio alterius*. Since the Act creates a public cause of action for the enforcement of its provisions and a private cause of action only under very limited circumstances, this maxim would clearly compel the conclusion that the remedies created in [the Act] are the *exclusive* means to enforce the duties and obligations imposed by the Act. 94 S.Ct. 690, 693 (citations omitted) (emphasis added).

Although the Supreme Court in *Amtrak* noted that the *expressio unius* principle would "yield to clear contrary evidence of legislative intent," *Id., Amtrak* clearly indicates that where a statute provides only for a public or very narrow private cause of action, there is at least a rebuttable presumption that the legislature did not intend to grant a general, private enforcement cause of action. See, *Keaukaha–Panaewa Com. v. Hawaiian Homes Com'n*, 588 F.2d 1216 (9th Cir.1978), *cert. den.* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979).

One year following *Amtrak*, in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court established a comprehensive analytical framework through which to ascertain the existence of an implied private cause of action. The Supreme Court concluded that a private cause of action was not implied in favor of a corporate stockholder under a criminal statute prohibiting corporations from making contributions in connection with presidential elections. The Court identified four factors to be examined in determining whether implication of a private right of action is appropriate:

> First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," ...—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? (citing *Amtrak*) Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States? 95 S.Ct. 2080, 2088 (citations omitted).

The first and third of the *Cort* criteria are not problematic, and the fourth is irrelevant to this action. The second element of the *Cort* test, "explicit or implicit" legislative intent, however, is the most important and, in this case, the most enigmatic. The Nevada courts have yet to consider the scope of remedies provided by § 613.160. Moreover, neither the fact of the section itself nor the available legislative history provide any indication that the Nevada Legislature intended to create a private remedy.[4] The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction. The Court must therefore analyze § 613.160 in the context of Chapter 613 to determine whether it

---

4. In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3234 n. 9, 92 L.Ed.2d 650 (1986), the Supreme Court

reemphasized that the primary criterion for

implicitly indicates a legislative intent to provide a private remedy.[5]

NRS §§ 613.080 through 613.220, cumulatively classified as "Miscellaneous Provisions," provide that violations shall constitute a misdemeanor, with the sole exception of § 613.160. Section 613.160 is more specific and creates a public action in favor of the State of Nevada. Furthermore, the statutory structure of NRS Chapter 613 clearly indicates that the legislature did not intend to create a uniform, blanket private cause of action, and that certain sections were designed to provide varying private and public remedies. See footnote 3, *supra.*

In light of the varying statutory remedies contained within NRS Chapter 613, the Court must follow the "elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Utley v. Varian Associations, Inc.,* 811 F.2d 1279, 1285 (9th Cir. 1987), appeal filed, (quoting *In re Mexico City Aircrash of October 31, 1979,* 708 F.2d 400, 407 (9th Cir.1983), (citing *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979).[6]

The availability of private damage award and injunctive relief under other sections of NRS Chapter 613 demonstrates in this context that when the Nevada Legislature intended to provide a private damages reme-

dy, it knew how to do so and id so expressly. See *Universities Research Ass'n v. Coutu,* 450 U.S. 754, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981) (quoting *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 2487, 61 L.Ed.2d 82 (1979). Recently, the Ninth Circuit affirmed the proposition that the creation of a particular remedy and omission of another suggests a legislative intent not to provide the omitted remedy. *Long v. Salt River Valley Waters Users' Ass'n,* 820 F.2d 284, 288 (9th Cir. 1987) (citing *Coutu, supra* ). Accordingly, it would be presumptuous for the Court to declare that the Nevada Legislature absentmindedly forgot to include a clause with § 613.160 to provide for a private cause of action in favor of a discharged employee.

This Court has previously followed the lead of the Supreme Court, as set forth in *Cort v. Ash, supra,* consistent with the Nevada Supreme Court decision in *Hamm v. Carson City Nugget, Inc., supra.* In *Moen v. Las Vegas International Hotel, Inc.,* 402 F.Supp. 157 (Nev.1975), aff'd 554 F.2d 1069 (9th Cir.1977), this Court held that the State statute which precludes confiscation of employee's tips by the employer does not imply a private cause of action for damages of any employee. Citing *Hamm* and *Cort,* the Honorable Bruce R. Thompson, District Judge, concluded that no civil right of action should be imputed from the statute at issue which was expressly made enforceable by a specific civil penalty or by criminal sanction.[7]

---

evaluating whether a statute includes a private cause of action is legislative intent.

**5.** In *Northwest Airlines v. Transport Workers Union,* 451 U.S. 77, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981), the Supreme Court acknowledged the problem of opaque legislative histories, and reaffirmed its disinclination to infer a private cause of action:

> [I]t is to be expected that "the legislative history of a statute that does not expressly create or deny a private remedy will typically be equally silent or ambiguous on the question. Therefore, "the failure of Congress expressly to consider a private remedy is not inevitably inconsistent with an intent on its part to make such a remedy available." But unless this congressional *intent* can be inferred from the *language* of the statute, the *statutory structure,* or some other source, the essential predicate for implication of a private remedy simply *does not exist."* (citations omitted) (emphasis added)

**6.** The Ninth Circuit in *Mexico City* considered the extensive administrative enforcement scheme created by the Federal Aviation Act, and concluded, "[b]ecause of the Act's emphasis on administrative regulation and enforcement, we conclude that 'it is highly improbable that Congress absentmindedly forgot to mention an intended private action.' " 708 F.2d 400, 407 (9th Cir.1983).

**7.** In *Moen,* this Court analyaze NRS § 608.160, which fits into Chapter 608 strikingly similar to the way in which NRS § 613.160 fits into Chapter 613: "We note that NRS § 608.190 provides for enforcement by an action for a penalty to be prosecuted in the proper court by the District Attorney.... We also note that NRS § 608.160 is part of Chapter 608 ... and that violations of many provisions of that Chapter have a criminal sanction and are made misdemeanors, and that NRS § 608.140 specifically creates a cause of action for wages earned and unpaid and penal-

Most recently, in *Texas Intern. Airlines, Inc. v. Bryan*, 522 F.Supp. 1182, 1184 (Nev. 1981), this Court relied on *Hamm, Cort* and *Moen* to hold that there was no implied private cause of action in favor of a target corporation for violation of the Nevada Takeover Bid Disclosure Act:

> The [statute at issue] provides *specific civil* remedies in favor of an offeree ... and *specific criminal* penalties for violations by an offeror.... No remedy in favor of the target corporation is *mentioned*. In these circumstances, the maxim of statutory construction expressio unius est exclusio alterius is applicable. Nevada has long recognized and applied this maxim to the interpretation of legislation. (Emphasis added.)

## NEVADA LAW DOES NOT RECOGNIZE A PRIVATE CAUSE OF ACTION UNDER NRS § 613.160 BASED ON PUBLIC POLICY

■ Conceding that no Nevada authority recognizes a statutory private cause of action under § 613.160, Plaintiff characterizes his Fifth Cause of Action as based on a violation of Nevada's public policy as expressed in NRS § 613.160. Plaintiff cites *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394, 397 (1984), as authorization for a broad, public policy based private cause of action in the wrongful termination context. The Nevada Supreme Court's decision in *Hansen*, however, recognized only a narrow exception to the common law doctrine of at-will employment:

> We elect to support the established public policy of this state concerning injured workmen and adopt the *narrow* exception to the at-will employment rule recognizing that *retaliatory* discharge by an employer stemming from the filing of a workmen's compensation claim by an injured employee is actionable in tort. (Emphasis added.)

ties and a reasonable attorney's fee. No such provision is applicable to NRS § 608.160."

**8.** In his Opposition to Motion to Dismiss (# 21), Plaintiff cites *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3rd Cir.1979) for the proposition that in the absence of an explicit statutory cause of action, tortious discharge claims may be based on public policy considerations.

*K Mart Corp. v. Ponsock*, 732 P.2d 1364 (Nev.1987), the Nevada Supreme Court's most recent decision which authorized a cause of action for discharge based on public policy, does not significantly expand the crack in the common law door tentatively opened in *Hansen*. *Ponsock* is likewise a "*fact-specific* instance of discharge ... of an employee in *bad faith for the improper motive* of defeating contractual retirement benefits. (Emphasis added." The holdings in both cases, moreover, are explicit to the effect that they are limited to their respective factual scenarios.[8]

The Court recognizes that when a state's legislature has enacted legislation that forbids certain conduct, that conduct is against public policy. NRS § 613.160 clearly states that "[i]t shall be unlawful" for an employer to discipline or discharge an employee where such act is based upon a report by a "spotter," unless the employee is accorded a hearing at which he has the opportunity to confront the spotter. In support for his argument that the violation of any public policy enunciated by the legislature is ground *per se* for the creation of a private cause of action, Plaintiff makes the following rhetorical statement:

> If public policy, as set forth in stattues or as identified by courts, makes certain employer conduct illegal, how else is an employee who has been subjected to such illegal conduct to obtain justice[?] The $500 penalty provided for in § 613.160 does not go to the employee, it goes to the state.
>
> Thus, unless an employee can sue his employer for his "wrongful termination," the employee, who is ostensibly the one to be protected by the statute, would have no remedy. (# 21, p. 7)

The Court must disagree. That the $500 penalty goes to the State reflects the legislative intent that an employer's violation of

*Perks*, however, is inapposite. The Third Circuit appropriately followed the broad language of the Pennsylvania Supreme Court, and affirmed that the Pennsylvania statute at issue embodied a "recognized facet of public policy" of the type prescribed by the Pennsylvania courts. In contrast, the Nevada Supreme Court has not created a broad public policy cause of action in the context of wrongful discharge.

§ 613.160 is a matter of exclusive state concern, and that the employee's statutory remedies are restricted to those other sections of NRS Chapter 613 which create a private cause of action. Significantly, Plaintiff's Fifth Cause of Action does not address the merits of his discharge. Rather, it merely alleges that Defendant failed to comply with the procedure prescribed by § 613.160. To answer Plaintiff's rhetorical question, Plaintiff can seek justice for allegedly unlawful discharge pursuant to any applicable federal and/or state statutory provisions which proscribe discharge under unlawful circumstances. Indeed, Plaintiff has done so by the balance of his lawsuit still before the Court. However, the legislature did not intend that employees should have a private remedy under § 613.160. Instead, the State is entrusted with the responsibility of ensuring that employers comply with the procedural requirements mandated in the statute.

### CONCLUSION

The *expressio unius* principle, applied both by the Nevada and federal courts, is based on a presumption that by providing a specific remedy, the legislature intended to exclude others. The Nevada Legislature has specifically provided that employers that violate the NRS § 613.160 shall be liable to the State of Nevada, and that the penalty provided for shall be recovered and suit brought by the attorney general on behalf of the State. That other sections of NRS Chapter 613 dealing with "Employment Practices" provide for private remedies for damages and for injunctive relief, clearly indicates that the Nevada Legislature intended that the sole remedy for breach of § 613.160 is to be an action by the State.

In the final analysis, the Court may not, through judicial fiat, second-guess the legislature and decide, *sua sponte,* that public policy would be better served by inferring a private cause of action in favor of employees discharged through the efforts of employer-sponsored spotters. In the absence of clear legislative intent, considerations of public policy must be declared by the legislature and not the Court. The Court therefore concludes that there is no implied private cause of action in NRS § 613.160.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings (# 20) is granted. and that Plaintiff's Fifth Cause of Action contained in Plaintiff's Amended Complaint (# 9) is dismissed.