An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN WINDISCH, M.D.,
Appellant,
vs.
HOMETOWN HEALTH PLAN, INC., A
NEVADA CORPORATION;
HOMETOWN HEALTH PARTNERS,
INC., A NEVADA CORPORATION,
DOING BUSINESS AS HOMETOWN
HEALTH PARTNERS BENEFIT
PROVIDERS INSURANCE COMPANY,
INC., A NEVADA CORPORATION;
RENOWN HEALTH, INC., A NEVADA
CORPORATION; AND HOMETOWN
HEALTH PARTNERS BENEFIT
ADMINISTRATORS, INC.,
Respondents.

No. 64020

FILED

JUN 09 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a wrongful termination and breach of contract action. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Kevin Windisch, M.D., is a pediatrician licensed to practice medicine in Nevada. Dr. Windisch sued respondents Hometown Health Plan, Inc., Hometown Health Partners, Inc., Renown Health, Inc., and Hometown Health Partners Benefit Administrators, Inc. (collectively Hometown Health) for wrongful termination and breach of the implied covenant of good faith and fair dealing in response to Hometown Health's without-cause termination of their "Primary Care Physician Agreement" (the Agreement).

15-17541

We conclude that the district court did not err in granting summary judgment in favor of Hometown Health on both causes of action. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

First, Dr. Windisch's wrongful termination claim, which was premised upon a theory of tortious discharge, fails as a matter of law. Per the Agreement, Dr. Windisch did not have an employer-employee relationship with Hometown Health. *See, e.g., Wayment v. Holmes*, 112 Nev. 232, 236, 912 P.2d 816, 818 (1996) (stating that tortious discharge occurs in the context of an employer-employee relationship). Further, the nature of Dr. Windisch's relationship with Hometown Health does not warrant upending the Agreement's provision which specifically states that they do not have an employment relationship. *See Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 278, 21 P.3d 16, 20 (2001) ("It has long been the policy in Nevada that absent some countervailing reason, contracts will be construed from the written language and enforced as written." (internal quotations omitted)).

Second, Dr. Windisch's breach of the implied covenant of good faith and fair dealing claim fails as a matter of law. Dr. Windisch attempts to replace the Agreement's existing express no-cause termination provision with an implied for-cause provision, which is prohibited. *See Griffin v. Old Republic Ins. Co.*, 122 Nev. 479, 483, 133 P.3d 251, 254 (2006) ("[W]e [will not] attempt to increase the legal obligations of the parties where the parties intentionally limited such obligations." (internal quotations omitted)); *Kaldi*, 117 Nev. at 281, 21 P.3d at 21 ("We are not free to modify or vary the terms of an unambiguous agreement."); *see also Kucharczyk v. Regents of Univ. of Cal.*, 946 F. Supp. 1419, 1432 (N.D. Cal. 1996) (explaining that the implied covenant of good faith and fair dealing may not be used to imply a term that is contradicted by an express term of the contract); *Grossman v. Columbine Med. Grp., Inc.*, 12 P.3d 269, 271

(Colo. App. 1999) (holding that in a contract between a doctor and a health maintenance organization, where the "termination clause expressly set[ ] forth the right of both parties to terminate the contract for any reason[,] . . . the physician cannot rely on the implied duty of good faith and fair dealing to circumvent terms for which he expressly bargained"). Although the district court erred by applying the wrong law, its error is inconsequential.[1] *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

Finally, Dr. Windisch requests that this court "carv[e] out a narrow exception to Nevada's wrongful termination doctrine as it relates to without cause terminating [sic] clauses in healthcare provider agreements" because of the unique relationship between a healthcare provider and a managed care organization, similar to the courts in *Harper v. Healthsource N.H., Inc.*, 674 A.2d 962 (N.H. 1996) and *Potvin v. Metro. Life Ins. Co.*, 997 P.2d 1153 (Cal. 2000). We decline to provide any special exception to the relationship between a healthcare provider and a managed care organization, because such a policy decision is more

---

[1]The district court relied upon the proposition from *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 376, 989 P.2d 882, 885 (1999), that "[t]he at-will rule gives the employer the right to discharge an employee for any reason, so long as the reason does not violate public policy." However, *Dillard* does not mention the implied covenant of good faith and fair dealing, and the law the district court applied refers only to the requirements of tortious discharge. Public policy need not be breached for a viable good faith and fair dealing claim to exist.

appropriately considered by the Legislature.[2]  We instead opt to exercise judicial restraint, like the court in *Pannozzo v. Anthem Blue Cross & Blue Shield*, 787 N.E.2d 91 (Ohio Ct. App. 2003).  *See Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 101, 450 P.2d 358, 359 (1969) ("Judicial restraint is a worthwhile practice when the proposed new doctrine may have implications far beyond the perception of the court asked to declare it."); *Sw. Gas Corp. v. Ahmad*, 99 Nev. 594, 601, 668 P.2d 261, 265 (1983) ("The legislature is best equipped to discern the public pulse through extensive hearings, analyses and debate involving multi-faceted groups having specific interests in the subject.").[3]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

---

[2]We reject the suggestion that NRS 695G.410 provides a basis for relief because Windisch did not state a cause of action under the statute.

[3]We have considered the parties' remaining arguments and conclude that they are without merit.

[4]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

cc: Hon. Janet J. Berry, District Judge
Margaret M. Crowley, Settlement Judge
Whatley Kallas, LLP/Georgia
Whatley Kallas, LLP/Alabama
Bradley Drendel & Jeanney
Littler Mendelson/Las Vegas
Littler Mendelson/Reno
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

WINDISCH VS. HOMETOWN HEALTH PLAN          NO. 64020

DOUGLAS, J., concurring:

    I concur as to result only.

                          _____, J.
                         Douglas

SUPREME COURT
OF
NEVADA

(O) 1947A